(No. 47447.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. GEORGE GREEN, Appellee.

*Opinion filed Nov. 17, 1975.—Rehearing denied Jan. 22, 1976.*

CREBS, J., took no part.

William J. Scott, Attorney General, of Springfield, and
Bernard Carey, State's Attorney, of Chicago (James B.
Zagel and Jayne A. Carr, Assistant Attorneys General, of
Chicago, and Laurence J. Bolon and James S. Veldman,
Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Don-
ald S. Honchell, Assistant Public Defender, of counsel), for
appellee.

MR. JUSTICE SCHAEFER delivered the opinion of
the court:

The defendant, George Green, was convicted of

murder and attempt robbery after a bench trial in the circuit court of Cook County. Judgments were entered on both verdicts and concurrent sentences of 20 to 60 years for murder and 1 to 5 years for attempt robbery were imposed. The appellate court affirmed the murder conviction but reversed the conviction for attempt robbery (26 Ill. App. 3d 662), and we allowed the State's petition for leave to appeal.

The State's key witness, Bertrand Fletcher, a black man, testified that he boarded a Chicago Transit Authority "L" train at 63rd and Halsted at approximately 2 a.m. on May 13, 1972. He took a seat directly behind the eventual murder victim, a white man named Michael Kulis. Three teenage black males boarded the train at 59th and State Street; one sat next to Fletcher, the second next to Kulis, and the third took the seat directly in front of Kulis. Fletcher testified that the defendant, Green, was the person who was sitting next to him. Fletcher saw the defendant reach around the seat, but he could not see if the defendant actually reached into Kulis' pockets. The two other youths also reached for the decedent's clothes. Kulis started to get up, but then let them go through his clothes.

As the train approached 51st Street, Fletcher left his seat to get off the train. The three youths also got up and stood behind Fletcher at the door. As the train stopped, Kulis left his seat and ran for the front of the car. Fletcher heard one of the youths ask: "Shall I pop him?" and heard a second person respond: "Yeah." A shot was then fired, and Kulis died from the bullet wound later that morning. Fletcher did not know whether the defendant was one of the two persons who had spoken.

The defendant was indicted for murder and attempt robbery. Three counts charged murder: one count alleged that he intended to kill or do great bodily harm to Michael Kulis (Ill. Rev. Stat. 1973, ch. 38, par. 9—1(a)(1)); a second alleged that the defendant knew that his acts

created a strong probability of death or great bodily harm (Ill. Rev. Stat. 1973, ch. 38, par. 9—1(a)(2)); the third alleged that the death occurred while the defendant was attempting or committing a forcible felony (attempt robbery) (Ill. Rev. Stat. 1973, ch. 38, par. 9—1(a)(3)). The trial judge found the defendant guilty of murder "in a manner and form as charged in the indictment in this case."

Robbery is a forcible felony (Ill. Rev. Stat. 1971, ch. 38, par. 2—8), and the appellate court affirmed the murder conviction under the felony murder provision of the Criminal Code, which states:

> "(a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death: *** (3) He is attempting or committing a forcible felony other than voluntary manslaughter." Ill. Rev. Stat. 1971, ch. 38, par. 9—1(a)(3).

The only issue in this court is the correctness of the appellate court's determination that the conviction for attempt armed robbery must be reversed on the ground that under our decision in *People v. Lilly* (1974), 56 Ill.2d 493, both convictions "arose out of the same transactions," and therefore both could not stand. 26 Ill. App. 3d at 668.

The *Lilly* case involved convictions of rape and indecent liberties with a minor, and it was held that, since both charges arose out of a single act of intercourse, the lesser offense merged in the greater, and the conviction for indecent liberties must be set aside. In our opinion the present case is governed not by *Lilly*, but by *People v. Williams* (1975), 60 Ill.2d 1. There the court was dealing with offenses of burglary, armed robbery and felony murder, and the court distinguished *People v. Lilly* and similar cases, saying:

> "These cases do not, however, prohibit separate convictions and sentences for armed robbery and murder, even though the activity consti-

tuting both offenses was a series of very closely related acts. The purpose of the entry was robbery, not murder, and that objective changed to murder only when the robbers were confronted by Mr. Calderone with a gun in his hand. Then, they chose to commit a separate act for the purpose of killing Mr. Calderone. That shooting can be viewed as a means of removing an obstacle to their original objective of robbery, but it is also evident that at least part of their reason for killing was to avoid injury or apprehension by Mr. Calderone. We believe that such a situation is controlled by our decision in *People v. Johnson* (1970), 44 Ill.2d 463, in which we held that the convictions and sentences for burglary and rape were proper. As we stated in *Johnson,* cases such as *Schlenger* [*People v. Schlenger* (1958), 13 Ill.2d 63] 'were not intended to cover situations in which more than one offense arises from a series of closely related acts and the crimes are clearly distinct and require different elements of proof.' (44 Ill.2d at 475; see also *People v. Raby* (1968), 40 Ill.2d 392; *People v. Harper* (1972), 50 Ill.2d 296.) The convictions and sentences imposed upon the defendant for murder and armed robbery may both stand." 60 Ill.2d 1, 14-15.

Again, in *People v. Johnson* (1973), 55 Ill.2d 62, judgments of conviction for armed robbery and felony murder were sustained under circumstances like those of the present case, and after quoting the felony murder provision of section 9—1(a)(3) of the Criminal Code, the court continued:

"*** And of course one who aids or abets the planning or commission of a crime is legally accountable for the conduct of the principal. (Ill. Rev. Stat. 1967, ch. 38, par. 5—2.) Thus, 'Where

murder is committed during a robbery, all participants in the robbery are deemed equally guilty of murder and it is immaterial who fired the fatal shot. [Citations.]' (*People v. Weber,* 401 Ill. 584, 604; see also *People v. Armstrong,* 41 Ill.2d 390; *People v. Golson,* 32 Ill.2d 398; *People v. Bongiorno,* 358 Ill. 171.)" (55 Ill.2d 62, 67.)

The accountability provision of the Criminal Code states:

"A person is legally accountable for the conduct of another when: \*\*\* (b) the statute defining the offense makes him so accountable; \*\*\*." (Ill. Rev. Stat. 1971, ch. 38, par. 5–2.)

It thus incorporates the felony murder provision of section 9–1(a)(3).

It is true, as the counsel for the defendant has pointed out, that a different view has been taken in some jurisdictions where the underlying felony is held to be an included offense in the felony murder charges. (See *State ex rel. Wikberg v. Henderson* (La. 1974), 292 So. 2d 505; *State v. Thompson* (1972), 280 N.C. 202, 185 S.E.2d 666.) We are not persuaded, however, that we should depart from the rule that has been adopted both judicially and legislatively in this State.

The judgment of the appellate court upon the charge of murder is affirmed. As to the charge of attempt robbery, the judgment of the appellate court is reversed and the judgment of the circuit court of Cook County is affirmed.

*Affirmed in part and reversed in part.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.