(No. 84047.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. KENNY W. SMITH, Appellant.

*Opinion filed October 1, 1998.*

Daniel D. Yuhas, Deputy Defender, and Martin J. Ryan, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

James E. Ryan, Attorney General, of Springfield, and James Glasgow, State's Attorney, of Joliet (Barbara A. Preiner, Solicitor General, and William L. Browers and Domenica A. Osterberger, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

Defendant, Kenny W. Smith, and two codefendants, who are not parties to this appeal, participated in the armed robbery of a Jiffy Lube oil-change service center. Douglas Petan, a Jiffy Lube employee, was shot in the head during the robbery and died as a result of the gunshot wound. Defendant was found guilty of armed robbery and felony murder following a jury trial in the circuit court of Will County.

The trial judge sentenced defendant to 60 years' imprisonment for felony murder and 20 years' imprisonment for armed robbery. The sentences were to be served consecutively. The appellate court affirmed. No. 3—94—0920 (unpublished order under Supreme Court Rule 23). We granted defendant's petition for leave to appeal. 166 Ill. 2d R. 315.

## BACKGROUND

Defendant was employed as a technician at a Jiffy Lube service center. Defendant believed that a large sum of money would be present at the Jiffy Lube when it closed for business at 3 p.m. on Sunday, October 31, 1993 (Halloween). Defendant told Ivan Dockins, a codefen-

dant, about the money. Pursuant to their plan, defendant left a garage door partially open so that Dockins could gain entry to the Jiffy Lube. Dockins entered and encountered Dominick Roti, the assistant manager.

Dockins pointed a gun at Roti's head and demanded money from the cash register. At first, Roti thought the holdup was a Halloween prank. After being struck in the head with the gun, Roti gave the money from the cash register to Dockins. With the gun held to Roti's head, Dockins prodded Roti down the stairs of the Jiffy Lube to an office in the basement. The office contained a safe. At that time, defendant and two other employees, Scott Fricano and Douglas Petan, were in the office.

Fricano asked if the holdup was a joke. Dockins stated that the holdup was no joke and hit Fricano in the head with the gun. Dockins then pointed the gun at Petan. When the gun went off, the Jiffy Lube employees all dropped to the floor. Dockins ran up the stairs and out of the building. Once Dockins left, Fricano noticed that Petan had been shot in the head.

Defendant called 911 for emergency assistance. Defendant, however, hung up the phone after only a short period of time. Following additional contact with a 911 operator by both Dominick Roti and Scott Fricano, the police and an ambulance arrived at the Jiffy Lube. The ambulance transported Douglas Petan to the hospital, where he was pronounced dead.

A police investigation revealed that defendant and Dockins had together planned the robbery of the Jiffy Lube. Another codefendant, Leo Williamson, did not assist in planning the robbery but did participate as the driver of the getaway car. Both Dockins and Williamson made statements to the police implicating defendant.

The State charged defendant and Dockins by indictment with felony murder (720 ILCS 5/9—1(a)(3) (West 1992)) predicated on armed robbery (720 ILCS 5/18—2

(West 1992)). The State charged all three men by indictment with both armed robbery (720 ILCS 5/18—2 (West 1992)) and robbery (720 ILCS 5/18—1 (West 1992)). Dockins and Williamson entered pleas of guilty, and they are not parties to this appeal.

Prior to trial, the State nol-prossed the robbery charge against defendant contained in the indictment. The State proceeded against defendant on the two remaining counts of the indictment under a theory of accountability: (1) felony murder, for causing the death of Douglas Petan while committing the predicate felony of armed robbery; and (2) armed robbery, for using a gun in taking United States currency from the presence of Dominick Roti by the use of force.

At the conclusion of the trial, the jury was instructed on the offenses of felony murder and armed robbery as charged by the State in the indictment. The instructions were given to the jury both orally and in writing. The jury found defendant guilty of armed robbery and felony murder. The judge sentenced defendant to 60 years' imprisonment for felony murder and 20 years' imprisonment for armed robbery. The sentences were to be served consecutively.

The appellate court affirmed. The court believed that both an armed robbery and an attempted armed robbery occurred at the Jiffy Lube: an armed robbery of Dominick Roti at the cash register and an attempted armed robbery of the safe in the basement office. The court found that the armed robbery of Dominick Roti supported defendant's conviction and sentence for armed robbery and that the attempted armed robbery of the safe could serve as the predicate offense for the felony murder conviction and sentence. Because the court believed that both an armed robbery and an attempted armed robbery had taken place, the court found that defendant was properly convicted and sentenced for armed

robbery and felony murder predicated on attempted armed robbery.

The appellate court also found that the trial judge properly exercised discretion in denying a jury request to review the testimony of Scott Fricano and Dominick Roti. The court stated that the judge's response to the jury's request did not indicate the judge believed that he lacked the discretion to order a transcript of the requested testimony.

## DISCUSSION

Defendant argues that he cannot be convicted and sentenced for both felony murder and the underlying predicate offense of armed robbery because the armed robbery was, in this case, a lesser included offense of felony murder. Defendant contends that the appellate court, in upholding the armed robbery conviction, improperly combed the record for evidence to support an offense of attempted armed robbery of the safe, an offense not specifically charged by the State in the indictment and not presented to the jury in closing argument or the jury instructions.

Initially, the State argues that defendant has waived the lesser included offense issue. The State notes that defendant failed to object at the sentencing hearing in the trial court to his armed robbery conviction and sentence on the basis that the armed robbery was a lesser included offense of felony murder. The State also notes that defendant failed to include this issue in his motion for a new trial. On the merits, the State argues that the appellate court properly affirmed defendant's convictions and sentences for both armed robbery and felony murder.

Defendant did not object at the sentencing hearing to having been convicted and sentenced for armed robbery on the basis that the armed robbery was a lesser included offense of felony murder. Accordingly, defendant has

waived this issue on appeal. *People v. Enoch*, 122 Ill. 2d 176, 186-87 (1988). Despite a defendant's waiver, however, plain errors affecting substantial rights may be reviewed on appeal. 134 Ill. 2d R. 615(a); *People v. Hicks*, 181 Ill. 2d 541, 544-45 (1998).

In this case, in addition to a 60-year sentence for felony murder, defendant was sentenced to a consecutive 20-year term for armed robbery, the predicate offense for felony murder. Because the conviction and sentence for armed robbery affect defendant's substantial rights, we address the lesser included offense issue. See *People v. Davis*, 156 Ill. 2d 149, 159-60 (1993) (vacating a defendant's conviction on a lesser included offense despite waiver); *Hicks*, 181 Ill. 2d at 545 ("The imposition of an unauthorized sentence affects substantial rights").

In count I of the indictment, the State charged both Ivan Dockins and defendant with:

> "FIRST DEGREE MURDER in that they, without lawful justification, while committing a felony, Armed Robbery, in violation of Chapter 720, Section 5/18—2(a) of the Illinois Compiled Statutes, shot Douglas Petan in the head with a gun and thereby caused the death of Douglas Petan, in violation of Chapter 720, Section 5/9—1(a)(3) & (b)(6) of the Illinois Compiled Statutes."

In count II, the State charged defendant and codefendants with armed robbery in that they, "while armed with a dangerous weapon, a gun, took property, being United States Currency, from the presence of Dominic[k] Roti by the use of force."

Count I, the felony-murder charge, does not specify which armed robbery is the basis for the charge of felony murder, and count II, the armed robbery charge, refers only to the armed robbery of the cash register on the upper floor of the Jiffy Lube. The State argues that the offense of attempted armed robbery of the safe may be substituted for that of armed robbery of the cash register as the predicate offense for the felony-murder charge. We find this argument unpersuasive.

In the indictment, the State did not specifically charge defendant with attempted armed robbery of the safe. In closing argument before the jury, the prosecution never discussed an attempted armed robbery of the safe, and the elements of an attempted armed robbery of the safe were never mentioned. Instead, in its argument, the prosecution focused only on the armed robbery of Dominick Roti at the cash register on the upper floor of the Jiffy Lube.

In addition, we note that the jury instructions for felony murder setting out the elements of armed robbery did not describe an attempted armed robbery of the safe. Rather, the jury instructions referred only to the armed robbery of Dominick Roti. Thus, the jury instructions and the State's theory of the case demonstrate that the State believed that the armed robbery that was the predicate offense charged in the felony murder count was the armed robbery of Dominick Roti, and not the attempted armed robbery of the safe. Accordingly, the following essential elements were required to find defendant guilty of felony murder: causing the death of Douglas Petan, without lawful justification, while committing the armed robbery of Dominick Roti.

For these reasons, we reject the State's belated attempt to make the attempted armed robbery of the safe the predicate offense of felony murder in this case. " '[I]t is as much a denial of due process to send an accused to prison following conviction for a charge that was never made as it is to convict him upon a charge for which there is no evidence to support that conviction.' " *Gregory v. City of Chicago*, 394 U.S. 111, 112, 22 L. Ed. 2d 134, 136, 89 S. Ct. 946, 947 (1969), quoting *Garner v. Louisiana*, 368 U.S. 157, 164, 7 L. Ed. 2d 207, 214, 82 S. Ct. 248, 251-52 (1961).

Under *People v. King*, 66 Ill. 2d 551 (1977), multiple convictions are improper if they are based on lesser

included offenses. *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996). Because the armed robbery of Dominick Roti is a lesser included offense of felony murder in this case, the included offense of armed robbery will not support a separate conviction and sentence. As this court stated in *People v. Coady*, 156 Ill. 2d 531 (1993), "defendant correctly notes that armed robbery was the offense underlying the felony murder charge and, as an included offense, will not support a separate conviction and sentence." *Coady*, 156 Ill. 2d at 537, citing *People v. Donaldson*, 91 Ill. 2d 164, 170 (1982); *People v. Johnson*, 167 Ill. App. 3d 659, 669-70 (1988); see also *People v. Johnson*, 154 Ill. 2d 356, 370-72 (1993) (predicate felony of home invasion was a lesser included offense of felony murder requiring defendant's conviction and sentence for home invasion to be vacated). Accordingly, defendant's conviction and sentence for the lesser included offense of armed robbery must be vacated.

The State argues, however, that defendant's convictions and sentences for both felony murder and armed robbery are proper. In support of its position, the State relies on *People v. Green*, 62 Ill. 2d 146 (1975). In *Green*, this court found a defendant properly convicted and sentenced for attempted robbery and felony murder where the attempted robbery was the predicate offense for felony murder. *Green*, 62 Ill. 2d at 148-50. The court in *Green* noted that its decision was governed by *People v. Williams*, 60 Ill. 2d 1 (1975). *Green*, 62 Ill. 2d at 148.

The State's reliance on *Green* is not appropriate. Subsequent to the decisions in both *Green* and *Williams*, this court decided *People v. King*, 66 Ill. 2d 551 (1977). In *King*, the court held that prejudice, with regard to multiple acts, exists when a defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. *King*, 66 Ill. 2d at 566. Moreover, *King*, 66 Ill. 2d at 562-66, rejected the "indepen-

dent motivation" test used by the court in *Williams* and relied upon in *Green*. Thus, the decision in *King* changed the law with regard to lesser included offenses. We note that the decision in *King* has been followed subsequently by this court on the lesser included offense issue. See, e.g., *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996); *People v. Davis*, 156 Ill. 2d 149, 153 (1993); *People v. Chandler*, 129 Ill. 2d 233, 255 (1989); *People v. Segara*, 126 Ill. 2d 70, 76 (1988).

Defendant next argues that the trial judge erred in denying a jury request to review the testimony of Scott Fricano and Dominick Roti. Defendant claims the judge failed to recognize that he had the discretion to grant such a request. See *People v. Autman*, 58 Ill. 2d 171 (1974) (denial of jury's request to review testimony was reversible error where judge erroneously believed that he had no discretion to consider the request).

The State argues that defendant has waived this issue. The State notes that defendant did not object in the trial court to the judge's response to the jury's request nor did defendant include the issue in his motion for a new trial. On the merits, the State argues that unlike the judge in *Autman,* the judge in this case knew that it was within his discretion to have Fricano's and Roti's testimony transcribed and submitted to the jury. The State contends the judge exercised his discretion and properly refused the jury's request.

We agree with the State that defendant's failure to object in the trial court results in the waiver of this issue on appeal. See *Enoch*, 122 Ill. 2d at 186-87; see also *People v. Flores*, 128 Ill. 2d 66, 93 (1989) (assuming comments indicated that the judge believed he lacked the discretion to provide transcripts of testimony to the jury, the issue was waived). Despite waiver, plain errors affecting substantial rights may be reviewed on appeal. 134 Ill. 2d R. 615(a); *People v. Vargas*, 174 Ill. 2d 355, 363 (1996).

In the present case, however, the evidence was not closely balanced and defendant was not deprived of a fair and impartial trial by the failure of the trial judge to provide the jury with the requested testimony. At trial, the State's theory of the case was overwhelmingly supported by the testimony of the codefendants, the Jiffy Lube employees, and other witnesses. Only defendant's testimony indicated that he was not involved in the crimes charged in the indictment. Because the evidence was not closely balanced and defendant was not denied a fair trial, the plain error doctrine does not apply here.

## CONCLUSION

For the foregoing reasons, defendant's conviction and sentence for felony murder are affirmed. Defendant's conviction and sentence for armed robbery are vacated.

*Appellate court judgment affirmed in part and vacated in part; circuit court judgment affirmed in part and vacated in part.*