NOTICE
Decision filed 07/28/15. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2015 IL App (5th) 130224

NO. 5-13-0224

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 12-CF-1639 |
| | ) | |
| NATHAN BUSH, | ) | Honorable |
| | ) | Jan V. Fiss, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justices Stewart and Moore concurred in the judgment and opinion.

**OPINION**

¶ 1    After a jury trial in the circuit court of St. Clair County, defendant, Nathan Bush, was convicted of possession of methamphetamine precursor (720 ILCS 646/20(a)(1) (West 2012)) and possession of methamphetamine-manufacturing material (720 ILCS 646/30(a) (West 2012)) and was sentenced to five years in the Department of Corrections and two years of mandatory supervised release on each count with the sentences to run concurrently.  The issue raised in this appeal is whether defendant committed only one act of possession for which there should only be one conviction.  We affirm.

1

¶ 2                                    FACTS

¶ 3    Only a brief statement of facts is necessary for an understanding of this case. Defendant was arrested after being found in possession of pseudoephedrine, lithium batteries, "Heet" (isopropyl alcohol), and "cold packs." The State charged defendant with two separate counts: (1) unlawful possession of methamphetamine precursor, and (2) unlawful possession of methamphetamine-manufacturing materials. A photograph of the items found in defendant's possession was submitted into evidence. After hearing all the evidence, the jury found defendant guilty on both counts. Without objection, the trial court sentenced defendant to five years' incarceration and two years' mandatory supervised release on each count with the sentences to run concurrently. Defendant appeals.

¶ 4                                   ANALYSIS

¶ 5    The issue raised in this direct appeal is whether defendant committed only one act of possession for which there should only be one conviction. Defendant argues he committed only one act of possession and, therefore, the trial court violated the "one act, one crime" rule established in *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838 (1977). Defendant insists one conviction and sentence must be vacated. We disagree.

¶ 6    We point out that defendant waived the issue by failing to raise it at the sentencing hearing. *People v. Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988). However, because the issue affects defendant's substantial rights, we will address it under the plain error doctrine. *People v. Smith*, 183 Ill. 2d 425, 430, 701 N.E.2d 1097, 1099 (1998). Our supreme court has determined that a violation of the one-act, one-crime doctrine

2

challenges the integrity of the judicial process and implicates the plain error analysis. *In re Samantha V.*, 234 Ill. 2d 359, 370, 917 N.E.2d 487, 495 (2009). One-act, one-crime challenges are subject to *de novo* review. *People v. Artis*, 232 Ill. 2d 156, 161, 902 N.E.2d 677, 681 (2009).

¶ 7 Under one-act, one-crime principles, a defendant cannot be convicted of multiple offenses "carved from the same physical act." *King*, 66 Ill. 2d at 566, 363 N.E.2d at 844. A *King* analysis requires two steps: (1) whether the defendant committed multiple acts, and (2) if so, whether any of the charges are lesser-included offenses. *People v. Rodriguez*, 169 Ill. 2d 183, 186, 661 N.E.2d 305, 306 (1996). Where two offenses share an act in common, multiple convictions are permissible where the defendant commits a second overt manifestation which supports a second offense. See *Rodriguez*, 169 Ill. 2d at 188-89, 661 N.E.2d at 307-08.

¶ 8 In *Rodriguez*, the defendant was charged with aggravated sexual assault based upon sexual penetration while displaying or threatening the victim with a gun. He was also charged with home invasion predicated on unlawfully entering the victim's home and threatening her while armed with a gun. *Rodriguez*, 169 Ill. 2d at 190, 661 N.E.2d at 308. The *Rodriguez* court held the two convictions were based on separate acts, noting that while both convictions shared the act of threatening the victim with a gun, the defendant's entering of the victim's bedroom was an overt manifestation that supported the home invasion charge. *Rodriguez*, 169 Ill. 2d at 189-90, 661 N.E.2d at 308.

¶ 9 In the instant case, defendant was charged under the Methamphetamine Control and Community Protection Act (Act) (720 ILCS 646/1 *et seq.* (West 2012)). Section 5 of

the Act sets forth the purpose of the Act as follows:

"§ 5. Purpose. The purpose of this Act is to reduce the damage that the manufacture, distribution, and use of methamphetamine are inflicting on children, families, communities, businesses, the economy, and the environment in Illinois. The General Assembly recognizes that methamphetamine is fundamentally different from other drugs regulated by the Illinois Controlled Substances Act because the harms relating to methamphetamine stem not only from the distribution and use of the drug, but also from the manufacture of the drug in this State. Because methamphetamine is not only distributed and used but also manufactured here, and because the manufacture of methamphetamine is extremely and uniquely harmful, the General Assembly finds that a separate Act is needed to address the manufacture, distribution, and use of methamphetamine in Illinois." 720 ILCS 646/5 (West 2012).

Defendant was charged with two separate offenses under the Act.

¶ 10 Count I charged defendant with a violation of section 20(a)(1) of the Act, which provides:

"§ 20. Methamphetamine precursor.

(a) Methamphetamine precursor or substance containing any methamphetamine precursor in standard dosage form.

(1) It is unlawful to knowingly possess, procure, transport, store, or deliver any methamphetamine precursor or substance containing any methamphetamine precursor in standard dosage form with the intent that it be

4

used to manufacture methamphetamine or a substance containing methamphetamine." 720 ILCS 646/20(a)(1) (West 2012).

Count II charged defendant with a violation of section 30(a) of the Act, which provides:

"§ 30. Metamphetamine manufacturing material.

(a) It is unlawful to knowingly engage in the possession, procurement, transportation, storage, or delivery of any methamphetamine manufacturing material, other than a methamphetamine precursor, substance containing a methamphetamine precursor, or anhydrous ammonia, with the intent that it be used to manufacture methamphetamine." 720 ILCS 646/30(a) (West 2012).

The charging documents alerted defendant to the fact that he was charged with two separate and distinct violations.

¶ 11    While defendant insists he was only guilty of one act of possession, under the statutory scheme implemented by our General Assembly, defendant committed two distinct acts of possession.  Here, defendant possessed two separate items: (1) methamphetamine precursor (pseudoephedrine), and (2) methamphetamine-manufacturing materials (lithium batteries, "Heet," and cold packs).  This is not a case where one offense could be considered a lesser-included offense, as methamphetamine precursor and methamphetamine-manufacturing materials are separate and distinct items under the Act.  Possession of methamphetamine precursor and possession of methamphetamine-manufacturing materials are based on possessing different items, with possession of methamphetamine-manufacturing materials specifically excluding methamphetamine precursor.  See 720 ILCS 646/30(a) (West 2012).

5

¶ 12    In *King*, our supreme court stated, "We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." *King*, 66 Ill. 2d at 566, 363 N.E.2d at 845.  While the acts of possession committed by defendant in the instant case are closely related, under the statutory scheme implemented by our General Assembly pursuant to the Act, they are separate and distinct acts.  Given the unique problems created by methamphetamine, the fact that it "is fundamentally different from other drugs," and "the manufacture of methamphetamine is extremely and uniquely harmful" (720 ILCS 646/5 (West 2012)), we find defendant's convictions and concurrent sentences were properly imposed.

¶ 13    For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby affirmed.


¶ 14    Affirmed.

2015 IL App (5th) 130224

NO. 5-13-0224

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 12-CF-1639 |
| | ) | |
| NATHAN BUSH, | ) | Honorable |
| | ) | Jan V. Fiss, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Opinion Filed:** July 28, 2015

**Justices:** Honorable Richard P. Goldenhersh, J.

Honorable Bruce D. Stewart, J., and
Honorable James R. Moore, J.,
Concur

**Attorneys for Appellant** Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy Defender, Robert S. Burke, Assistant Appellate Defender, Office of the State Appellate Defender, Fifth Judicial District, 909 Water Tower Circle, Mt. Vernon, IL 62864

**Attorneys for Appellee** Hon. Brendan F. Kelly, State's Attorney, St. Clair County Courthouse, 10 Public Square, Belleville, IL 62220, Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Office of the State's Attorneys Appellate Prosecutor, 730 East Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864