2020 IL App (1st) 143846-U

No. 1-14-3846

Order filed January 17, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 94 CR 16216 |
| | ) | |
| LAVELLE DEERING, | ) | The Honorable |
| | ) | Anna Helen Demacopoulos, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HALL delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the trial court's erroneous dismissal of defendant's successive postconviction petition on the State's motion where defendant established that he was improperly sentenced for both felony murder and the predicate felonies in violation of the holding in *People v. King*, 66 Ill. 2d 551 (1977) and its progeny; trial counsel and post-plea counsel were ineffective for failing to challenge defendant's sentence; defendant's failure to raise this issue in his initial *pro se* postconviction petition is excused as his fundamental and substantial rights are implicated and consideration of the issue on its merits is necessary to prevent a miscarriage of justice. Defendant's convictions and sentences for the predicate felonies of vehicular invasion and attempted armed robbery are vacated and the mittimus is corrected to reflect only a conviction and sentence for felony murder.

¶ 2    This appeal arises from the trial court's dismissal of defendant Lavelle Deering's successive postconviction petition on the State's motion.  On appeal, defendant contends that he made a substantial showing of ineffective assistance of post-plea counsel due to counsel's failure to effectively challenge his sentence for felony murder and his improper consecutive sentence for the predicate offenses of vehicular invasion and attempted armed robbery. For the following reasons, we reverse and vacate in part and correct the mittimus.

¶ 3                                  BACKGROUND

¶ 4                          A. Guilty Plea and Sentence

¶ 5    Defendant was charged by indictment with five counts of first-degree murder, one count of armed violence, three counts of unlawful vehicular invasion, armed robbery and attempted armed robbery for the May 8, 1994, shooting death of Jacqueline Sweeton.

¶ 6    On April 29, 1996, defendant entered a "blind" guilty plea for first-degree felony murder predicated on vehicular invasion for attempted armed robbery pursuant to 720 ILCS 5/9-1(a)(3) (West 1992) (count 5), vehicular invasion pursuant to 720 ILCS 5/12-11.1 (West 1992) (count 7), and attempted armed robbery pursuant to 720 ILCS 5/8-4 (West 1992) (count 11). The State nolle prossed the remaining counts. The trial court informed defendant that the sentencing range for murder was 20 to 60 years with three years of mandatory supervised release.  When the court stated that it did not know defendant's criminal background, trial counsel stated that there was nothing to support an extended-term sentence. The court then stated that defendant could receive a sentence of natural life.  After informing defendant of the sentencing ranges for vehicular invasion and attempted armed robbery, the trial court accepted defendant's guilty plea, ordered a presentence investigation report and continued the matter for sentencing.

¶ 7     At the sentencing hearing on May 3, 1996, the State presented evidence in aggravation and evidence of defendant's prior criminal history. Defendant had two prior felony robberies, from 1985 and 1986.

¶ 8     Defendant presented mitigation evidence and also addressed the court, stating that "it wasn't [his] fault, but it happened."

¶ 9     The trial court admonished defendant that the sentence parameters for murder were 20 to 60 years, or 60 to 100 years if extended-term circumstances existed, or natural life. Defendant was then sentenced to an extended-term sentence of 75 years for murder, 15 years for vehicular invasion, and 15 years for attempted armed robbery, for a total of 90 years' imprisonment. The sentences for vehicular invasion and attempted armed robbery were to run concurrent to each other and consecutive to the murder sentence.

¶ 10                         B. Motions to Vacate Plea and Reduce Sentence

¶ 11     On May 24, 1996, defendant filed motions to withdraw his guilty plea and reduce sentence with the assistance of new counsel (post-plea counsel).  At the post-plea proceedings, defendant argued that he was induced to plead guilty based on mistaken parameters of his sentencing as the basis for withdrawal of his plea. In support of his motion to reduce sentence, defendant contended that it was improper for the trial court to impose separate sentences for both felony murder and the underlying felony. While the trial court addressed both issues in its ruling at the hearing, the word "denied" was handwritten on the first page of the motion to reduce sentence only.

¶ 12                         C.  Direct Appeal

¶ 13     On direct appeal, defendant contended that the trial court did not properly admonish him about a possible extended-term sentence and challenged his guilty plea. We affirmed his

convictions and sentences, noting that the trial court denied both motions and that defendant waived his issue concerning the admonishments because it was not raised in his motion to withdraw his plea. *People v. Deering*, No. 1-96-3802 (1998) (unpublished order under Illinois Supreme Court Rule 23).

¶ 14                              D. Initial Postconviction Proceedings

¶ 15    On May 17, 1999, petitioner filed a *pro se* postconviction petition alleging that he was denied a fair trial due to ineffective assistance of trial counsel and that he was denied a fair plea because trial counsel failed to notify him that he could receive an extended-term sentence and did not subject the State's case to adversarial testing. He also alleged that his appellate counsel was ineffective for failing to raise reasonable doubt on appeal and for failing to raise his trial counsel's ineffectiveness. Defendant also made equal protection and due process claims regarding his lack of access to the law library. The trial court summarily dismissed his petition as frivolous and patently without merit in a written order on July 28, 1999.

¶ 16    On appeal from the dismissal of his postconviction petition, we affirmed the dismissal of defendant's *pro se* petition, finding that *res judicata* barred the issues regarding his guilty plea and that defendant was sufficiently admonished prior to entering his guilty plea. *People v. Deering*, No. 1-99-3058 (2001) (unpublished order under Illinois Supreme Court Rule 23).

¶ 17                              E.  Section 2-1401 Proceedings

¶ 18    On October 31, 2007, defendant filed a *pro se* section 2-1401 (735 ILCS 5/2-1401 (West 2006)) petition, alleging that he was not fully admonished pursuant to Supreme Court Rule 605 (eff. Oct. 1, 2001) because he was not admonished about the possibility of an extended term

sentence, that the court exceeded its statutory authority to impose an extended-term sentence, and his guilty plea was void because the trial court failed to rule on his motion to withdraw his plea.

¶ 19    The State filed a motion to dismiss, arguing that the petition was untimely and barred by *res judicata*.

¶ 20    Following a hearing, the trial court granted the State's motion, finding that defendant's petition was filed in excess of the two-year statute of limitations and even if not untimely, the issues were previously addressed by the appellate court on defendant's direct appeal and initial postconviction appeal.

¶ 21    On appeal the State Appellate Defender's motion for leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), was granted and we affirmed defendant's convictions and sentences. *People v. Deering*, No. 1-08-3226 (2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 22                          F.  Successive Postconviction Proceedings

¶ 23    On November 3, 2011, defendant filed a *pro se* motion for leave to file the successive postconviction petition which is the subject of this appeal.  The petition was attached to his motion. In his petition, defendant raised three claims:  (1) that his trial counsel was ineffective because he just learned that he was prejudiced in his sentencing on the lesser-included predicate offenses of vehicular invasion and attempted armed robbery; (2) his trial counsel was ineffective for failing to file a Rule 604(d) (eff. July 1, 2006) certificate, there was no file-stamp on the motion to withdraw his plea and the motion was not entered into the record; and (3) trial counsel was ineffective for misinforming the court that defendant had no background that would make him eligible for an extended term sentence and if he had known, he might have proceeded to trial.

¶ 24    On March 16, 2012, the trial court appointed the public defender to represent defendant.

¶ 25    At a March 1, 2013, status hearing, the trial court noted that while there was a motion for leave to file the successive petition, it did not see that leave was ever granted to file the petition. Defense counsel stated that leave had been granted and the petition was docketed, however, the trial court noted that the only entry was by the clerk's office, not a judicial entry; however, there was a notation by Judge Rhodes that indicated leave to file was granted, but it was unclear whether it referred to the successive petition.

¶ 26    On April 12, 2013, defense counsel noted that there was an original and successive petition pending, but there may be an error in the titling of the document. Defense counsel then filed a Rule 651(c) (eff. Apr. 26, 2012) certificate but did not amend the *pro se* petition nor file a supplemental petition.

¶ 27    On June 14, 2013, the State filed a motion to dismiss defendant's successive postconviction petition, to which defense counsel replied.

¶ 28    At a subsequent status date on May 30, 2014, the trial court again inquired as to whether leave was granted to file the successive petition, "as the common law record was completely void." Defense counsel agreed to order the transcripts to clarify the issue. On October 31, 2014, a status date, the transcripts were tendered to the court. The State renewed its motion to dismiss the petition, and after hearing defense counsel's argument, the trial court granted the State's motion to dismiss.

¶ 29    In ruling, the trial court noted that it read the transcripts, motions and the *pro se* successive petition, and also noted that Judge Rhodes granted leave to file the petition. The court found that defendant had not directly raised the Rule 604(d) issue in the previous proceedings, even though

defendant raised claims regarding his admonitions. The trial concluded that in prior proceedings, the appellate court found that defendant's rights were safeguarded because he was substantially admonished regarding his sentence and a second appellate court ruling concluded that defendant was not prejudiced, and his claims were not meritorious. The trial court further noted that on defendant's postconviction appeal, the appellate court found that *res judicata* prevented him from again raising the issue of the voluntariness of his guilty plea. The trial court found that, implicit in each of these rulings, there was no denial of defendant's constitutional rights regarding his guilty plea. The trial court also noted that defendant's section 2-1401 petition had also been dismissed, and that decision was affirmed on appeal. The trial court granted the State's motion to dismiss and this appeal followed.

¶ 30    Appointed appellate counsel filed a motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), which was denied without prejudice. We gave counsel leave to file a motion addressing whether defendant's consecutive sentences were erroneous in light of *People v. Smith*, 183 Ill. 2d 425 (1998). However appellate counsel subsequently submitted a brief for defendant's appeal.

¶ 31                                            ANALYSIS

¶ 32    On appeal, defendant contends that the trial court erred in dismissing his successive postconviction petition at the second stage because it made a substantial showing of ineffective assistance of post-plea counsel for his failure to effectively challenge defendant's sentence for felony murder and the predicate offenses of vehicular invasion and attempted armed robbery. Specifically, defendant contends that under *Smith*, the trial court improperly entered a separate conviction for the offense that served as the predicate offense for a felony murder conviction.

*Smith*, 183 Ill. 2d at 431-33. Accordingly, defendant contends that it was error for the trial court to dismiss his petition, and the convictions and sentences for both predicate offenses should be vacated.

¶ 33 Under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 *et seq*. (West 2014)), a defendant can attack a conviction by asserting that it resulted from a substantial denial of his constitutional rights. A postconviction proceeding under the Act is a collateral proceeding rather than an appeal of the underlying judgment and allows review of constitutional issues that were not, and could not have been, adjudicated on direct appeal. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455-56 (2002). Thus, any issues that were "raised and decided on direct appeal are barred from consideration by the doctrine of *res judicata*; issues that could have been raised, but were not, are considered waived." *Pitsonbarger*, 205 Ill. 2d at 456.

¶ 34 The Act contemplates the filing of only one petition without leave of court. 725 ILCS 5/122-1(f) (West 2014). Section 122-1(f) unambiguously requires a defendant to obtain leave of the trial court prior to filing a successive postconviction petition. *People v. Smith*, 2014 IL 115946, ¶ 33. The trial court may grant leave to file a successive petition only if the petitioner demonstrates cause for the failure to bring the claim in the initial postconviction proceedings and that prejudice results from that failure. *Id.* For purposes of the test, "cause" is defined as some objective factor external to the defense that prevented counsel from raising the claim in an earlier proceeding. *Pitsonbarger*, 205 Ill. 2d at 460. "Prejudice" is shown where the claimed constitutional error so infected the entire trial that the resulting conviction or sentence violates due process. *Pitsonbarger*, 205 Ill. 2d at 464.

¶ 35     However, the bar against successive postconviction petitions is relaxed when fundamental fairness requires it. *People v. Ortiz*, 235 Ill. 2d 319, 329 (2009).  Even where a defendant cannot show cause and prejudice, his failure to raise a claim in an earlier petition will be excused, if necessary, to prevent a miscarriage of justice.  *Pitsonbarger*, 205 Ill. 2d at 459; *Ortiz*, 235 Ill. 2d at 329.

¶ 36     Here, the record indicates that the trial court granted defendant leave to file a successive postconviction petition and counsel was appointed.

¶ 37     Our supreme court has stated that the cause and prejudice test for leave to file a successive postconviction petition is a higher standard than the frivolous or patently without merit standard of first stage postconviction proceedings.  *Smith*, 2014 IL 115946, ¶ 35.  Thus, once leave to file a successive petition is granted, the petition advances to the portion of the three-stage process in which the State may seek dismissal of the petition on any grounds, including the defendant's failure to prove cause and prejudice for not having raised the claims in the initial postconviction petition (second stage).  725 ILCS 5/122-1(f) (West 2014); *People v. Bailey*, 2017 IL 121450, ¶ 26.

¶ 38     During second stage proceedings, the court must determine whether the petition and any accompanying documents make a substantial showing of a constitutional violation.  *People v. Edwards*, 197 Ill. 2d 239, 246 (2001).  If no such showing is made the petition is dismissed.  *Id*. If, however, a substantial showing of a constitutional violation is shown, the petition advances to the third stage, where the circuit court conducts an evidentiary hearing.  725 ILCS 5/122–6 (West 2014).

¶ 39   Here, defendant's successive postconviction petition was dismissed on the State's motion at the second stage. The second stage of postconviction review tests the legal sufficiency of the petition and is reviewed *de novo*. *People v. Lee*, 2016 IL App (1st) 152425, ¶¶ 46, 50.

¶ 40   Defendant claims that the trial court erred in dismissing his successive petition at the second stage because he made a substantial showing of ineffective assistance of counsel for counsel's failure to challenge his sentences under *Smith*. He argues that under *Smith*, he should not have been sentenced for the predicate felonies of vehicular invasion and armed robbery and the error resulted in him serving an extra 15-year sentence consecutive to his felony murder sentence. Defendant contends that he was unaware of the *Smith* decision until he filed the successive postconviction petition in 2011.

¶ 41   The State responds that defendant failed to establish cause and prejudice and also that his claim is subject to *res judicata* and forfeiture, thus his successive postconviction petition was properly dismissed. We disagree.

¶ 42   We first note that this court does not conduct a second cause and prejudice review of defendant's motion for leave to file a successive postconviction petition. That function is expressly delegated to the trial court. See *People v. Bailer,* 2018 IL App (3d) 160165, ¶¶ 8-9; *People v. Munson*, 2018 IL App (3d) 150544, ¶ 10.

¶ 43   The State is correct that defendant failed to include this claim in his initial postconviction petition, filed on May 17, 1999, seven months after the *Smith* decision was decided on October 1, 1998, which would normally result in forfeiture of his issues for consideration. *People v. Enoch*, 122 Ill. 2d 176, 186-87 (1988). However, despite defendant's forfeiture, plain errors affecting substantial rights may be reviewed on appeal. *People v. Hicks*, 181 Ill. 2d 541, 544-45 (1998).

Our supreme court has held that the imposition of an unauthorized sentence affects substantial rights. See *Hicks*, 181 Ill. 2d at 545. We thus turn to the merits of defendant's appeal.

¶ 44    To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that this deficient performance prejudiced defendant. *Lee*, 2016 IL App (1st) 152425, ¶ 54. Ineffective assistance of counsel claims can be dismissed without further analysis if a defendant was not prejudiced by the alleged error. *Id.* at ¶56.

¶ 45    Defendant contends that post-plea counsel was ineffective for failing to challenge his sentences for the predicate felonies. While acknowledging that *Smith* was decided after his pleas were entered and he was sentenced, defendant nevertheless contends that prior law established that it was improper to impose a sentence on felony murder as well as a separate conviction and sentence for a predicate offense and cites *People v. King*, 66 Ill. 2d 551 (1977) and *People v. Coady*, 156 Ill. 2d 531 (1993), in support.

¶ 46    Defendant is correct that our supreme court had established, prior to *Smith* in 1998, that it was unlawful to sentence a defendant for felony murder as well as the predicate felonies that served as the basis for felony murder. Further, we find the circumstance in *Smith* to be very similar to those in the present case.

¶ 47    In *Smith*, the defendant was charged by indictment with three offenses: felony murder predicated on armed robbery. *Smith*, 183 Ill. 2d at 428. Additionally, the defendant and his codefendants were charged with armed robbery and robbery. *Id.* Prior to the defendant's trial, the State nol-prossed the robbery charges and proceeded to trial on the two remaining counts under a theory of accountability, felony murder of one victim while committing armed robbery, and armed robbery for using a gun in taking money from another victim by force. *Id.* The defendant was

subsequently convicted of armed robbery and felony murder following his jury trial. *Id*. at 426. He was later sentenced to 60 years for felony murder and 20 years for armed robbery, consecutive to defendant's convictions and sentences were affirmed on appeal. *Id.* at 428.

¶ 48 On appeal to the supreme court, the defendant argued that he could not be convicted and sentenced for both felony murder and the underlying predicate offense of armed robbery because it was a lesser included offense of felony murder. *Id.* at 429. The court noted that the defendant's felony-murder charge did not specify which armed robbery was the basis for the charge of felony murder and that the armed robbery charge referred only to the armed robbery of the cash register on the upper floor of the store. *Smith*, 183 Ill. 2d at 430. The State argued that the offense of attempted armed robbery of the safe could be substituted for that of armed robbery of the cash register as the predicate offense for the felony murder charge, which the supreme court did not find persuasive. *Smith*, 183 Ill. 2d at 430. The court concluded that under *King*, multiple convictions are improper if they are based on lesser included offenses. *Smith*, 183 Ill. 2d at 431. See also *People v. Rodriguez*, 169 Ill.2 d 183, 186 (1996).

¶ 49 In this case, the State nol-prossed all but three charges: felony murder predicated on vehicular invasion for attempted armed robbery, vehicular invasion and attempted armed robbery. Defendant subsequently entered a guilty plea to those remaining three charges and was sentenced on all three offenses. Defendant received an extended-term sentence of 75 years for felony murder and a consecutive term of 15 years for the predicate felonies. This was error under *King*, which was decided in 1977, which changed the law with regard to lesser included offenses. See *Smith*, 183 Ill. 2d at 433.

¶ 50    We find that the trial court erred in sentencing defendant to 15 years for vehicular invasion and armed robbery as the predicate felonies for defendant's conviction for felony murder.

¶ 51    Further, we find that defendant received ineffective assistance of counsel with respect to his sentencing. First, trial counsel failed to argue the then-current case law with respect to sentencing on lesser included offenses during defendant's sentencing hearing and allowed defendant's consecutive sentences for the predicate felonies to go unchallenged. Post-plea counsel compounded the injury when he failed to argue in the motions to withdraw the plea and to reduce sentence that his defendant's sentences for the lesser included offenses were improper.

¶ 52    As such, we find that the trial court erred in dismissing defendant's successive postconviction petition as it related to this claim.

¶ 53    However, in the interest of judicial economy, we will not remand this case for further proceedings, but instead use our powers under the Supreme Court Rules to vacate defendant's convictions and sentences for vehicular invasion and armed robbery. See Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967). We further direct the clerk of the circuit court to correct defendant's mittimus to reflect a conviction and sentence for felony murder only. *People v. Alvarez-Garcia*, 395 Ill. App. 3d 719, 734 (2009).

¶ 54                                        CONCLUSION

¶ 55    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County dismissing defendant's successive postconviction petition. We vacate defendant's convictions and sentences for vehicular invasion and attempted armed robbery and order the mittimus corrected.

¶ 56    Reversed and vacated in part; mittimus corrected.