NO. 4-02-0967    Filed: 3/28/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from |
| Plaintiff-Appellee, | ) Circuit Court of |
| v. | ) Champaign County |
| SHURESE YVETTE BAILEY, | ) No. 01CF749 |
| Defendant-Appellant. | ) |
| | ) Honorable |
| | ) John G. Townsend, |
| | ) Judge Presiding. |

_____

JUSTICE MYERSCOUGH delivered the opinion of the court:

On October 17, 2002, a jury convicted defendant, Shurese Yvette Bailey, of felony first degree murder (720 ILCS 5/9-1(a)(3) (West 2000)), concealment of a homicidal death (720 ILCS 5/9-3.1(a) (West 2000)), and robbery (720 ILCS 5/18-1(a) (West 2000)). The trial court sentenced her to 30 years' imprisonment for murder, 5 years' imprisonment for concealment, and 5 years' imprisonment for robbery. Defendant appeals, arguing (1) her conviction and sentence for robbery must be vacated under the one-act, one-crime rule; (2) counsel was ineffective for filing a perfunctory postsentencing motion that failed to assert or preserve any sentencing issues for appeal; (3) her sentence should be reduced because it is excessively disparate to that of her more culpable codefendants; and (4) she is owed a day of sentence credit. We affirm as modified.

I. BACKGROUND

In April 2001, Danny Nelson's body was found in a drain-

age ditch on Windsor Road in Champaign. The State charged defendant, Jamie Boyd, Misty Dawn Marie Moreman Blandin, and Nathan Adams with various offenses related to Nelson's murder. Specifically, defendant was indicted on 14 counts of first degree murder, concealment of a homicidal death, and two counts of armed robbery. The facts of the crime are set out in detail in our decision in People v. Adams, No. 4-02-0684 (May 14, 2004) (unpublished order under Supreme Court Rule 23).

As part of an agreement with the State, defendant (1) provided police with a statement concerning her knowledge of Nelson's death, (2) agreed to testify against Boyd, Blandin, and Adams, and (3) agreed to plead guilty to first degree murder. In exchange, the State would recommend 20 years' imprisonment. Defendant testified for the State at Adams' trial, and Adams was convicted of first degree murder, concealment of a homicidal death, and robbery. The trial court sentenced him to consecutive terms of 60 years for the murder, 5 years for the concealment, and 30 years for the robbery. This court affirmed Adams' conviction and sentence.

Defendant also testified for the State at Boyd's trial. After the jury convicted Boyd of concealment and robbery but hung on the murder charge, Boyd entered a negotiated guilty plea in which she received 35 years for murder and 5 years for concealment.

Blandin pleaded guilty to first degree murder and was sentenced to 30 years' imprisonment.

Defendant did not plead guilty as per her agreement with the State and proceeded to a jury trial. Following the trial, the jury found defendant guilty of felony first degree murder, robbery, and concealment of a homicidal death, the only three charges on

which the State proceeded to trial.

Following denial of defendant's motion for a new trial, the trial court proceeded to a sentencing hearing. In mitigation, defendant presented a stipulation that, if called, Lieutenant Veda Barrett, a correctional officer at the Champaign County Correctional Center, would testify that during her period of incarceration, defendant had been a cooperative and peaceful inmate. Defendant also identified various family members who were present at sentencing in support of her. As a third piece of mitigation evidence, defendant presented a letter from defendant's family expressing their regrets regarding Nelson's murder.

Following arguments and a statement from defendant, the trial court stated that it had considered the presentence investigation report, which indicated both misdemeanor and felony retail-theft convictions, a felony resisting-a-peace-officer conviction, and a federal conviction for theft of mail. The court stated it had considered in mitigation defendant's assistance to the State in the prosecution of her codefendants. The court then sentenced defendant as stated, granting her 557 days of sentence credit. That same day, counsel filed a motion to reduce sentence, which the court denied. This appeal followed.

## II. ANALYSIS

### A. Ineffective Assistance

#### 1. Per Se

On appeal, defendant claims she received ineffective assistance of counsel in that counsel filed a perfunctory postsentencing motion that failed to assert or preserve any sentencing issues for appeal.

Where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of [s]ixth [a]mendment rights that makes the adversary process itself presumptively unreliable." United States v. Cronic, 466 U.S. 648, 659, 80 L. Ed. 2d 657, 668, 104 S. Ct. 2039, 2047 (1984). We will not presume prejudice unless the attorney completely failed, "throughout" the proceeding "as a whole," to oppose the prosecution's case. See Bell v. Cone, 535 U.S. 685, 697, 152 L. Ed. 2d 914, 928, 122 S. Ct. 1843, 1851 (2002). It is not enough that the attorney "failed to do so at specific points." Bell, 535 U.S. at 697, 152 L. Ed. 2d at 928, 122 S. Ct. at 1851.

Here, defendant argues counsel's perfunctory motion amounted to no representation at all and prejudice should be presumed. On appeal, defendant raises three sentencing issues that she claims were waived because of counsel's inadequate representation: (1) her sentence was disparate to that of her more culpable codefendants; (2) her conviction and sentence for robbery violate the one-act, one-crime rule; and (3) she is entitled to an extra day of sentence credit.

We agree that a motion to reconsider sentence is a critical stage of the criminal proceeding at which a defendant is entitled to counsel. People v. Williams, 358 Ill. App. 3d 1098, 1105, 833 N.E.2d 10, 16 (2005); People v. Brasseaux, 254 Ill. App. 3d 283, 288, 660 N.E.2d 1321, 1324-25 (1996). However, we decline to presume prejudice in a situation where the filing of the motion is a matter of discretion. Clearly, general failure to file a motion to reconsider sentence does not per se amount to ineffective assistance of counsel, as some basis must exist to make the motion.

4

Accordingly, counsel's failure to raise the disparate sentence issue constitutes ineffective assistance only where such failure prejudiced defendant.

## 2. Performance and Prejudice

Defendant argues that because her sentence was excessively disparate to that of her more culpable codefendants, it should be reduced. Defendant did not raise this challenge to her sentence by written motion filed in the trial court and has waived it. 730 ILCS 5/5-8-1(c) (West 2004); People v. Reed, 177 Ill. 2d 389, 395, 686 N.E.2d 584, 586-87 (1997). However, we will consider this argument in the context of her ineffective-assistance claim.

A defendant establishes ineffective assistance of counsel by showing (1) his counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's shortcomings, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); People v. Albanese, 104 Ill. 2d 504, 525, 473 N.E.2d 1246, 1255 (1984). A defendant must overcome the strong presumption that the challenged action or inaction of counsel was the product of sound trial strategy and not incompetence. People v. Coleman, 183 Ill. 2d 366, 397, 701 N.E.2d 1063, 1079 (1998).

It is not the function of a reviewing court to serve as a sentencing court, and, absent an abuse of discretion, a sentence will not be disturbed upon review. People v. Davis, 319 Ill. App. 3d 572, 577-78, 746 N.E.2d 758, 763 (2001). However, an arbitrary and unreasonable disparity between the sentences of similarly situated codefendants is impermissible. People v.

Caballero, 179 Ill. 2d 205, 216, 688 N.E.2d 658, 663 (1997). The mere disparity by itself does not establish a violation of fundamental fairness. Caballero, 179 Ill. 2d at 216, 688 N.E.2d at 663. A disparity of sentences will not be disturbed where warranted by differences in the nature and extent of the concerned defendant's participation in the crime. Caballero, 179 Ill. 2d at 216, 688 N.E.2d at 663. Additionally, a plea of guilty is a relevant mitigating factor. People v. Banks, 241 Ill. App. 3d 966, 984, 609 N.E.2d 864, 876 (1993).

Following a jury trial, codefendant Adams was sentenced to consecutive terms of 60 years for murder, 5 years for concealment, and 30 years for robbery, a total of 95 years' imprisonment. The record indicates codefendant Boyd was sentenced pursuant to a negotiated guilty plea following a mistrial on the murder charge to 35 years for murder and 5 years for concealment. Codefendant Blandin pleaded guilty to first degree murder and received a sentence of 30 years' imprisonment.

Here, defendant's sentence for first degree murder was less than codefendant Adams' and codefendant Boyd's and identical to that of Blandin, who entered a guilty plea. All received five years for concealment, except for Blandin because that charge was dismissed per plea. In sum, defendant's total sentence was less than that of two of her three codefendants. This does not constitute a sentencing disparity.

Additionally, defendant's sentences are within the statutory ranges, as first degree murder is punishable by between 20 and 60 years' imprisonment (730 ILCS 5/5-8-1(a)(1)(a) (West 2004)) and concealment, a Class 3 felony, is punishable by between

2 and 5 years' imprisonment (730 ILCS 5/5-8-1(a)(6) (West 2004)). In fact, her 30-year sentence for murder is at the low end of the available sentencing range.

Because defendant's sentence was not impermissibly disparate to that of her codefendants, she was not prejudiced by counsel's failure to raise the issue in a motion to reconsider sentence, and such failure did not constitute ineffective assistance of counsel.

## B. Other Sentencing Issues

### 1. One Act, One Crime

One-act, one-crime and sentence-credit issues are frequently not raised in the trial court. See People v. James, 362 Ill. App. 3d 250, 255-56, 839 N.E.2d 1135, 1140 (2005) (one act, one crime); People v. Hestand, 362 Ill. App. 3d 272, 277, 838 N.E.2d 318, 322-23 (2005) (one act, one crime); People v. Harvey, 211 Ill. 2d 368, 388-89, 813 N.E.2d 181, 194 (2004) (one act, one crime); People v. White, 311 Ill. App. 3d 374, 384, 724 N.E.2d 572, 580 (2000) (one act, one crime); People v. Donnelly, 226 Ill. App. 3d 771, 778, 589 N.E.2d 975, 980 (1992) (sentence credit); People v. Reed, 361 Ill. App. 3d 995, 1004, 838 N.E.2d 328, 335 (2005) (sentence credit); People v. Kelly, 361 Ill. App. 3d 515, 527, 838 N.E.2d 236, 247 (2005) (sentence credit); People v. Peacock, 359 Ill. App. 3d 326, 340, 833 N.E.2d 396, 408 (2005) (sentence credit). Defendant argues her conviction and sentence for robbery violate the one-act, one-crime rule. Specifically, she claims that robbery served as the predicate offense for her felony murder conviction. The State concedes the issue.

While defendant did not raise this issue in a postsentencing motion, we will nevertheless address the lesser-included claim because the conviction and sentence for robbery affect substantial rights. People v. Hicks, 181 Ill. 2d 541, 544-45, 693 N.E.2d 373, 375 (1998). Multiple convictions are improper if they are based on lesser-included offenses. People v. King, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844 (1977). In People v. Smith, 183 Ill. 2d 425, 432, 701 N.E.2d 1097, 1100 (1998), the defendant was convicted of felony murder predicated on armed robbery and armed robbery. The court found that armed robbery was a lesser-included offense of felony murder in that case and could not support a separate conviction and sentence.

Here, defendant was charged with felony murder in that she "or one for whose conduct she is legally responsible, without legal justification, while committing a forcible felony, Robbery *** [citation], repeatedly struck Danny Nelson about the head and face, choked Danny Nelson, and cut Danny Nelson's throat with a knife, and thereby caused the death of Danny Nelson *** [citation]." She was charged with robbery in that she "or one for whose conduct she is legally responsible, knowingly took property, being United States Currency and a wallet, from the person of Danny Nelson, by the use of force *** [citation]." Here, defendant was convicted of felony murder and robbery. She was sentenced to concurrent terms of 30 years' imprisonment for felony murder and 5 years' imprisonment for robbery. Because the robbery was a lesser-included offense of felony murder, it cannot support a separate conviction and sentence. See People v. Washington, 272 Ill. App.

3d 913, 919, 651 N.E.2d 625, 630 (1995) (conviction and sentence for aggravated arson vacated where aggravated arson was predicate offense for felony murder conviction); People v. Coady, 156 Ill. 2d 531, 537, 622 N.E.2d 798, 801 (1993) (conviction and sentence for armed robbery were improper where armed robbery was predicate offense for felony murder conviction); People v. Martinez, 342 Ill. App. 3d 849, 862, 795 N.E.2d 870, 881 (2003) (conviction and sentence for home invasion vacated where home invasion was predicate offense for felony murder conviction). Accordingly, we vacate defendant's conviction and sentence for robbery.

## 2. Presentence Credit

Defendant next argues she is entitled to an additional day of sentence credit. See 730 ILCS 5/5-8-7(b) (West 2004). The State agrees. While defendant did not raise this issue in the trial court, the normal rules of forfeiture do not apply to sentence-credit issues, and defendant may raise it for the first time on appeal. People v. Woodard, 175 Ill. 2d 435, 457, 677 N.E.2d 935, 945-46 (1997).

Defendant was in pretrial custody from May 4, 2001, until her sentencing on November 12, 2002--a total of 558 days. However, defendant was given credit for 557 days. Because this court has authority to directly order the clerk of the circuit court to make the necessary corrections, remand to the trial judge is unnecessary. See 134 Ill. 2d R. 615(b)(1); People v. Hernandez, 345 Ill. App. 3d 163, 171, 803 N.E.2d 577, 583 (2004), appeal denied, 213 Ill. 2d 567, 829 N.E.2d 791 (2005).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment as modified.

Affirmed as modified.

McCULLOUGH, J., concurs.

KNECHT, J., specially concurs in part and dissents in part.

JUSTICE KNECHT, specially concurring in part and dissenting in part:

I concur except as to the postsentencing motion. The motion to reduce sentence in this case is meaningless. Defendant

was denied the effective assistance of counsel at the postsentencing stage of her trial.  Counsel missed two viable issues and appears to have given no consideration to any issues because the motion was prepared the same day as the sentencing hearing--whether before or after the hearing we do not know.  While Rule 604(d) does not apply here, the reasoning of People v. Little, 337 Ill. App. 3d 619, 786 N.E.2d 636 (2003), is applicable.

All defendants deserve a measure of respect and attention from their counsel lest they believe--wrongly, I hope--that we are on an assembly line.  Caseload and busy calendars are no justification for filing such a motion.

I am not mollified because the majority has done a more thorough job than trial counsel and provided defendant some relief.  Counsel should not manufacture issues that are frivolous, but something more meaningful than what occurred here is necessary to fulfill the professional obligation of counsel.

The denial of the motion to reconsider or reduce sentence ought be reversed and the case remanded so a new motion can be filed and a meaningful hearing conducted.