No. 3--06--0740

Filed August 28, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--CF--737 |
| RAPHAEL L. OWENS, | ) ) | Honorable Charles H. Stengel, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE McDADE delivered the opinion of the court:

A jury found the defendant, Raphael L. Owens, guilty of residential burglary (720 ILCS 5/19--3(a) (West 2004)).  The trial court imposed an extended term sentence of 18 years' imprisonment.  On appeal, the defendant argues that, under Roe v. Flores-Ortega, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029 (2000), this court must remand the cause for the appointment of counsel to consult with the defendant concerning appealing his sentence.  We remand with directions.

BACKGROUND

At the sentencing hearing, the court imposed an 18-year extended term sentence because the defendant had committed a

Class 1 felony within 10 years of this offense, which also was a Class 1 felony. Immediately after the court imposed sentence, the following exchange took place between the defendant and the court:

"THE DEFENDANT: 18 years for a residential burglary, huh?

THE COURT: Absolutely. 18 years on a residential burglary for a person who was on Class--

THE DEFENDANT: Appeal that."

The court then advised the defendant concerning his right to appeal. Among other things, the court told the defendant that if he did not raise a challenge to his sentence in a written motion to reconsider the sentence within 30 days, his arguments regarding the sentence would be deemed waived on appeal.

After the court advised the defendant of his appeal rights, the defendant's retained counsel said, "I'd ask to be relieved, Judge. I've done my job in this case." The court replied, "Yes. You'll be relieved. Is he asking the clerk to file a notice of appeal?" Defense counsel responded, "Yes." The court then: (1) ordered the clerk of the court to file a notice of appeal for the defendant; and (2) stated that the appellate defender was appointed. We note that the record does not contain a written order allowing the defendant's retained counsel to withdraw. The

2

record also shows that the defendant did not file a motion to reconsider the sentence.

ANALYSIS

The defendant contends that, under Flores-Ortega, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029, we must remand the cause for the appointment of counsel to consult with the defendant regarding appealing his sentence. Specifically, the defendant submits that his trial counsel provided ineffective assistance by withdrawing from the case before consulting with the defendant about preserving his sentencing arguments for appeal by first filing a motion to reconsider sentence.

A defendant's claim of ineffective assistance of counsel is analyzed under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), as adopted by the Illinois Supreme Court in People v. Albanese, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984). Under this test, the defendant must prove both that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) the defendant's case was prejudiced because of counsel's substandard representation. Albanese, 104 Ill. 2d 504, 473 N.E.2d 1246.

A motion to reconsider sentence is a critical stage of a criminal proceeding, for which a defendant is entitled to counsel. People v. Bailey, 364 Ill. App. 3d 404, 846 N.E.2d 147

3

(2006); People v. Williams, 358 Ill. App. 3d 1098, 833 N.E.2d 10 (2005); People v. Brasseaux, 254 Ill. App. 3d 283, 660 N.E.2d 1321 (1996). In the vast majority of cases defense counsel has a duty to consult with the defendant during all critical stages of the proceedings. Flores-Ortega, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029. The remedy for defense counsel's failure to consult with the defendant during a critical stage of the proceedings is a remand for such consultation. See Flores-Ortega, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029.

In this case, the defendant clearly expressed his desire to appeal his sentence in open court. The trial court then advised the defendant that his failure to file a motion to reconsider the sentence would result in waiver of his sentencing arguments on appeal. Nonetheless, defense counsel asked to be allowed to withdraw without consulting with the defendant about filing a motion to reconsider the sentence in order to avoid waiver of his sentencing arguments on appeal. The trial court indicated that defense counsel would be allowed to withdraw at some point by stating, in the future tense, "[y]ou'll be relieved." Showing that defense counsel had not yet been allowed to withdraw, the court asked defense counsel if the defendant wished to file a notice of appeal. Defense counsel answered in the affirmative. It is reasonable to infer from these pronouncements by the court

4

and by defense counsel that counsel's withdrawal took effect after the sentencing hearing concluded.

First, we note that defense counsel failed to consult with the defendant during the critical stage of the proceedings concerning his motion to reconsider the sentence. See Bailey, 364 Ill. App. 3d 404, 846 N.E.2d 147; Williams, 358 Ill. App. 3d 1098, 833 N.E.2d 10; Brasseaux, 254 Ill. App. 3d 283, 660 N.E.2d 1321. In the circumstances of this case, the attorney's failure to consult with the defendant during a critical stage of the proceedings constituted representation that was below an objective standard of reasonableness. See Flores-Ortega, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029.

Next, defendant's ability to preserve his sentencing arguments for appeal was prejudiced under these circumstances. The court, having heard the defendant's desire to appeal his sentence, and having just advised the defendant about the consequences of failing to file a motion to reconsider sentence, nonetheless did not ask defense counsel if the defendant wished to file a motion to reconsider sentence, but instead asked if he wished to file a notice of appeal. Defense counsel prejudiced the defendant's case by: (1) failing to answer the court's question in the negative; (2) failing to ask the court to be allowed to consult with the defendant about his desire to appeal the sentence; and (3) compounding his error by prematurely asking

5

to withdraw from the case without first engaging in such consultation.

In summary, the defendant has shown that his defense counsel's representation violated both prongs of the Strickland test by: (1) providing representation that fell below an objective standard of reasonableness by failing to consult with the defendant about the critical stage concerning his motion to reconsider sentence; and (2) prejudicing the defendant's case because the defendant's sentencing arguments on appeal would be waived without first filing such a motion. Therefore, we hold that defense counsel provided ineffective assistance.

We note that the defendant could have filed a pro se motion to reconsider the sentence within 30 days of imposition of sentence, even after the notice of appeal was filed by the clerk of court, which would have acted as an implicit motion to dismiss the notice of appeal. See People v. Golden, 369 Ill. App. 3d 639, 860 N.E.2d 1119 (2006). However, the defendant was deprived of defense counsel's consultation during that critical stage when he could have filed such a motion to reconsider, which also was prejudicial to his case. See Flores-Ortega, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029.

The State contends that defense counsel was under no obligation to consult with the defendant about filing a motion to reconsider the sentence because the trial court allowed counsel

6

to withdraw at the conclusion of the sentencing hearing. However, we reject the State's argument because, as we pointed out above, counsel's very act of prematurely withdrawing from the case was prejudicial to the defendant.

Therefore, we rule that, under <u>Flores-Ortega</u>, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029, the defendant is entitled to a remand for: (1) either the appointment of counsel, if the defendant is indigent, or for the defendant to retain private counsel, if the defendant is not indigent; and (2) consultation with such attorney concerning his expressed desire to appeal his sentence. If the defendant wishes to file a motion to reconsider the sentence after consultation with his counsel, the trial court shall allow him to do so.

CONCLUSION

For the foregoing reasons, we remand the cause to the Rock Island circuit court for further proceedings consistent with this opinion.

Remanded with directions.

LYTTON and CARTER, J.J., concur.

7