NOTICE

Decision filed 10/07/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210412-U

NO. 5-21-0412

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 20-CF-130 |
| | ) | |
| DANIEL W. HOYER, | ) | Honorable |
| | ) | Christopher W. Matoush, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Cates and Vaughan concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirm the judgment of the trial court denying the defendant's motion to reconsider sentence where the defendant had no constitutional right to appear at the hearing and has failed to demonstrate the denial of an underlying substantial right.

¶ 2 On September 29, 2021, the defendant, Daniel W. Hoyer, was found guilty of two counts of aggravated fleeing a police officer in violation of sections 11-204.1(a)(1) and 11-204.1(a)(4) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-204.1(a)(1), 11-204.1(a)(4) (West 2020)). On November 2, 2021, the trial court sentenced the defendant to 30 months of confinement within the Illinois Department of Corrections (IDOC).

1

¶ 3     On November 8, 2021, the defendant filed a motion to reconsider sentence. The trial court conducted a hearing on the defendant's motion, via videoconferencing, on December 16, 2021. The defendant was not present at the hearing and the trial court denied the defendant's motion in its entirety. The defendant now appeals his sentence arguing that the trial court committed second-prong plain error in conducting a hearing on the defendant's motion to reconsider sentence without the defendant being present. For the following reasons, we affirm the judgment of the trial court.

¶ 4                           I. BACKGROUND

¶ 5     On June 17, 2020, the defendant was charged with one count of aggravated fleeing a police officer, at a rate of speed at least 21 miles per hour over the legal speed limit, in violation of section 11-204.1(a)(1) of the Code (*id*. § 11-204.1(a)(1)), and one count of aggravated fleeing a police officer, while disobeying two or more official traffic control devices, in violation of section 11-204.1(a)(4) of the Code (*id*. § 11-204.1(a)(4)). A jury trial was conducted on September 28 and 29, 2021.

¶ 6     Prior to trial, the defendant had made two requests for continuances in order to obtain private counsel. The trial court denied both motions, but indicated that it would consider a continuance if the defendant obtained private counsel. At the final pretrial conference on September 23, 2021, the following dialog occurred:

> "THE COURT: [Defendant] what attempts have you made to hire counsel?

THE DEFENDANT: If I file a motion to—for ineffective assistance of counsel will that—is that going anywhere? Is it going to be denied? He doesn't seem like he wants to handle my case honestly.

THE COURT: Again sir my question to you is you asked for time to hire counsel.

THE DEFENDANT: I am working, but I mean if you can appoint somebody different that would ...

THE COURT: So you have made no attempts to hire private counsel?

THE DEFENDANT: I called Lupita. She didn't call me back. As he said he is not going to be any more prepared on my case.

THE COURT: Motion to continue jury trial is denied."

¶ 7     On September 29, 2021, the defendant was found guilty of both counts of aggravated fleeing a police officer. The defendant filed a motion for acquittal, or in the alternative, motion for a new trial on October 5, 2021. On November 2, 2021, the trial court denied the defendant's posttrial motion and, the same day, sentenced the defendant to 30 months of confinement within the IDOC. At the sentencing hearing, the defendant indicated to the trial court that he anticipated filing a motion to reconsider sentence and requested to appear at the hearing, "VIA ZOOM,"[1] if transported to the IDOC before the hearing.

---

[1]"Zoom" is a videoconferencing platform.

3

¶ 8 On November 8, 2021, the defendant filed his motion to reconsider sentence arguing that his sentence was excessive and that the trial court failed to determine the penalty according to the seriousness of the offense and with the objective of restoring the defendant to useful citizenship as required by article I, section 11 of the Illinois Constitution. Ill. Const. 1970, art. I, § 11. The defendant's motion to reconsider sentence also argued that the sentence imposed was not in keeping with the defendant's past history of criminality, mental history, family situation, economic status, education, and occupation. Finally, the defendant's motion to reconsider sentence argued that the sentence imposed was not in keeping with the alternatives available to the trial court to assist the defendant in his rehabilitation. The defendant's motion to reconsider did not state any specific factual basis, either within the record or outside of the record, nor did the defendant's motion to reconsider cite any supporting precedent for the arguments.

¶ 9 The trial court conducted a hearing on the defendant's motion to reconsider sentence, via videoconferencing, on December 16, 2021. At the beginning of the hearing, the following dialog occurred:

"THE COURT: 20-CF-130, People of Illinois versus Daniel Hoyer. Show that [counsel] is present for the State and [counsel] is present for the Defendant. [Defense Counsel], you're asking for me to consider this motion without your client being present; is that correct?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: Any objection, State, to me considering the motion without the Defendant being present?

4

[THE STATE]: No, Your Honor.

THE COURT: I'll show the Defendant's presence is waived by agreement. The Court has reviewed the Motion to Reconsider Sentence that was filed on November 8, of this year, in essence alleging, if anything, the sentence was excessive. The Court will rest on it's [*sic*] recitation of factors in aggravation and mitigation at the time of sentencing. I will deny that motion in it's [*sic*] entirety. The sentence of 30 months incarceration will remain in effect with various fines, cost, credit and one year period of mandatory supervised release to stay imposed."

¶ 10 The defendant now appeals the trial court's denial of his motion to reconsider sentence arguing that the trial court committed second-prong plain error in conducting a hearing on the defendant's motion to reconsider sentence without the defendant being present at the hearing.

¶ 11                                   II. ANALYSIS

¶ 12 The defendant acknowledges that the issue of whether the trial court erred in conducting a hearing on the defendant's motion to reconsider sentence without the defendant being present was not preserved in the lower court and, thus, is forfeited on appeal. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (failure to raise an issue in the trial court results in the forfeiture of that issue on appeal). The defendant argues, however, that this court should review his claim under the plain error doctrine, codified in Illinois Supreme Court Rule 615 (eff. Jan. 1, 1967). The plain error doctrine is a narrow and limited exception to the general rule of procedural default that allows plain errors or defects

5

affecting substantial rights to be noticed although the error or defect was not brought to the attention of the trial court. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010).

¶ 13    There are two circumstances under which an otherwise unpreserved error may be considered under the plain error doctrine. Those two circumstances are (1) when a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatens to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) when a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Sebby*, 2017 IL 119445, ¶ 48. The burden of persuasion remains with the defendant under both prongs of the plain error doctrine. *People v. Lewis*, 234 Ill. 2d 32, 43 (2009).

¶ 14    In this matter, the defendant argues that his claim falls within the second prong of a plain error analysis in that his absence at the trial court's hearing on his motion to reconsider sentence challenged the integrity of the judicial process. The defendant states that he had the right to appear at the hearing and that neither the trial court nor his defense counsel were authorized to waive the defendant's right to appear. The defendant argues that his absence denied him the ability to vindicate his sixth amendment right to counsel as the hearing was the last opportunity to present any potential claims of ineffective assistance of trial counsel pursuant to *People v. Krankel*,[2] 102 Ill. 2d 181 (1984). As such, the

---

[2]Pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), and refined by its progeny, a trial court must, at a minimum, conduct a preliminary inquiry into the factual and legal basis of a defendant's *pro se* posttrial claim of ineffective assistance of counsel to determine whether the claim lacks merit or pertains only to matters of trial strategy. See *In re Johnathan T.*, 2022 IL 127222, ¶ 47.

6

defendant argues that the trial court should have continued the proceedings until he could be present or personally waive his right to appear.

¶ 15     The first step in a plain error analysis is to determine whether the trial court committed a clear and obvious error. *Sebby*, 2017 IL 119445, ¶ 49. A criminal defendant has the general right to be present at all critical stages of the proceedings, from arraignment to sentencing. See *People v. Lindsey*, 201 Ill. 2d 45, 55 (2002); U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 8. A defendant's right to be present at a critical stage, however, does not embrace a right to be present at the arguments of motions prior to trial or subsequent to the verdict. *People v. Woods*, 27 Ill. 2d 393, 395 (1963). While a motion to reconsider sentence is subsequent to the verdict, Illinois courts have found that a hearing on a motion to reconsider sentence is a critical stage of the criminal proceedings since the substantial rights of a defendant may be affected. See *People v. Owens*, 384 Ill. App. 3d 670, 671 (2008); *People v. Williams*, 358 Ill. App. 3d 1098, 1105 (2005); *People v. Brasseaux*, 254 Ill. App. 3d 283, 288 (1996).

¶ 16     The Illinois Supreme Court cases that have addressed whether reversal is required due to an alleged violation of a defendant's right to appear at a critical stage of a criminal proceeding appear to fall into two separate lines of analysis. *People v. Burnett*, 385 Ill. App. 3d 610, 616 (2008). In *People v. Childs*, 159 Ill. 2d 217 (1994), concerning an *ex parte* communication between a judge and the jury, the supreme court found that the defendant had a constitutional right to be present since jury deliberations were a critical stage and that the burden was on the State to prove beyond a reasonable doubt that the error was harmless. *Id*. at 228; see also *People v. Kliner*, 185 Ill. 2d 81, 162 (1998).

7

¶ 17   In *People v. Bean*, 137 Ill. 2d 65 (1990), however, our supreme court held that the right to be present is a lesser right as a means to securing the substantial rights of a defendant. *Id.* at 81. As such, a defendant was "not denied a constitutional right every time he is not present during his trial, but only when his absence results in a denial of an underlying substantial right, in other words, a constitutional right; and it is only in such a case that plain error is committed." *Id.* As such, the defendant had the burden to demonstrate the denial of an underlying constitutional right in order to establish plain error. The supreme court has further stated that a defendant is only guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his or her presence would contribute to the fairness of the procedure. *People v. Lofton*, 194 Ill. 2d 40, 66 (2000). We further note that Illinois courts, when analyzing a defendant's absence at a motion to reconsider sentence hearing, have held that unless a motion to reconsider sentence alleged facts outside of the record, or raised issues that may not be resolved without an evidentiary hearing, the defendant's presence at the hearing on the motion was not required. *Brasseaux*, 254 Ill. App. 3d at 291-92; *People v. Burke*, 226 Ill. App. 3d 798, 804 (1992).

¶ 18   In this matter, under either line of precedent, we come to the same conclusion. The defendant's motion to reconsider sentence failed to allege any facts outside of the record and failed to raise any factual issues that would have required an evidentiary hearing. The defendant also fails to demonstrate that his presence at the hearing would have contributed to the fairness of the procedure concerning the issues raised in his motion to reconsider sentence. As such, on its face, the defendant's motion to reconsider sentence did not raise

8

a constitutional right to be present at the hearing and did not affect the defendant's substantive rights or the outcome of the hearing.

¶ 19 The defendant argues, however, that his absence at the hearing denied him the last opportunity to present any potential claims of ineffective assistance of trial counsel to the trial court and, as such, the ability to vindicate his constitutional sixth amendment right to counsel. Although a defendant's sixth amendment right to counsel is a substantial constitutional right of the criminal proceeding, we find this argument unpersuasive.

¶ 20 The final hearing of a criminal proceeding, regardless of the nature of the underlying motion, is the last opportunity for a defendant to present *any* potential claims to the trial court. There is always the potential that a defendant may raise an additional claim, including a claim of ineffective assistance of counsel, at a final hearing. A finding by this court that a defendant is entitled to be present at a hearing on a motion to reconsider sentence simply because there is the potential, however remote, that he may make a claim of ineffective assistance of counsel would go against *stare decisis* and, in essence, create a bright line rule that would mandate the presence of a defendant at any final posttrial motion hearing, which would be inconsistent with the precedent set forth above.

¶ 21 Further, unlike most issues that are forfeited if not brought to the attention of the lower court, a claim of ineffective assistance of counsel is not forfeited on appeal if it is not raised in the lower court and may be raised on direct appeal when the basis for the claim can be ascertained from the record. *People v. Schaefer*, 2020 IL App (5th) 180461, ¶ 16; *People v. Veach*, 2017 IL 120649, ¶ 46. Claims of ineffective assistance of counsel

9

may also be raised in postconviction proceedings unless the issue could have been raised on direct appeal, but was not. *People v. Moore*, 402 Ill. App. 3d 143, 145-46 (2010).

¶ 22 Here, the defendant argues that he was denied a substantial right, yet the only support for his argument of a potential claim of ineffective assistance of counsel is his comments at the final pretrial hearing. The defendant fails to allege that he had intended to bring an ineffective assistance of trial counsel claim at the hearing on his motion to reconsider sentence, nor has he raised an issue of ineffective assistance of trial counsel on appeal. The defendant also does not argue that the trial court erred in failing to conduct an inquiry to determine whether the defendant's pretrial statement regarding counsel fell within an exception to the prejudice requirement of *Strickland v. Washington*, 466 U.S. 668 (1984),[3] or that the trial court erred in failing to conduct a posttrial *Krankel* inquiry. As such, any potential claims of ineffective assistance of trial counsel that the defendant argues may have been brought at the hearing are purely speculative. Therefore, we find no error where the defendant had no constitutional right to appear at the hearing and has failed to demonstrate the denial of an underlying substantial right or that his absence affected the outcome of the hearing.

¶ 23 We do, however, find error in the basis for the defendant's absence at the hearing. The trial court held that the defendant's right to be present at the hearing was "waived by agreement." Although a defendant is bound by the acts or omissions of his counsel (*Kliner*,

---

[3]When a defendant makes a pretrial *pro se* filing or oral representation claiming ineffective assistance of counsel, the trial court, at a minimum, must review the defendant's assertions to assess whether or not the court must consider the possible prejudicial effect on the outcome of the proceeding. *People v. Washington*, 2012 IL App (2d) 101287, ¶ 22.

185 Ill. 2d at 118), counsel has no power to waive a defendant's right to be present in person (*Lofton*, 194 Ill. 2d at 66). A defendant may knowingly and intelligently waive a statutory right, such as the right to a preliminary hearing or the right to be present at trial, but it must be clearly established that there was an intentional relinquishment or abandonment of a known right or privilege for a waiver to be effective. See *People v. Jackson*, 105 Ill. App. 3d 750, 758 (1982); *People v. Campbell*, 208 Ill. 2d 203, 211 (2003). Through our analysis above, we have determined that the defendant had no constitutional right to be present at the hearing, but there is no indication within the record that the trial court conducted the same analysis or came to the same conclusion.

¶ 24     It is clear from the report of proceedings that a discussion between the trial court and defense counsel was held prior to the commencement of the hearing since the first statement on the record was "you're asking for me to consider this motion without your client being present; is that correct?" We do not have a record of what defense counsel presented to the trial court as the basis for the request or why, given that the defendant had previously requested to attend the hearing via videoconferencing, his presence could not have been arranged given that he was in the custody of the IDOC.

¶ 25     An insufficient record on appeal is generally construed against the appellant, and the trial court is presumed to have had an adequate legal basis for the decision that was rendered. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 394 (1984). Here, however, we find that it would be unjust to hold the defendant accountable for an insufficient record regarding a hearing that he was prohibited from attending. The record reflects no reasoning or basis for the defendant's absence at the hearing other than it was "waived by agreement." We hold

11

that such a finding was in error. We further find, however, that since the defendant had no constitutional right to be present at the hearing, the trial court's error did not affect the defendant's substantive rights or the outcome of the hearing and was therefore harmless error.

¶ 26    Based on the above, we have determined that the defendant's motion to reconsider sentence did not rise to a constitutional right to be present at the hearing and, as such, no plain error occurred based on the defendant's absence from the hearing. Therefore, we do not need to address the second step of the plain error doctrine. We have further found that the trial court's holding that the defendant's presence at the hearing was "waived by agreement" to be in error, but that the error was harmless.

¶ 27                                III. CONCLUSION

¶ 28    For the foregoing reasons, we affirm the judgment of the trial court denying the defendant's motion to reconsider sentence.


¶ 29    Affirmed.