NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220862-U

NO. 4-22-0862

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 10, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| EDWARD E. CLARK, | ) | No. 18CF207 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael L. Stroh, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court remanded for a preliminary *Krankel* hearing on defendant's
postsentencing allegation of ineffective assistance of counsel.

¶ 2         In October 2021, defendant pleaded guilty to aggravated driving while his license
was revoked (625 ILCS 5/6-303(a) (West 2018)). In May 2022, the trial court sentenced
defendant to five years' imprisonment. On appeal, defendant argues (1) his trial counsel did not
strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), (2) his sentence was
excessive, and (3) the trial court erred by not conducting a preliminary *Krankel* inquiry based on
defendant's ineffective assistance of counsel claim in his *pro se* filing on July 29, 2022. See
*People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984). We remand for the trial court to
conduct a preliminary *Krankel* hearing on defendant's ineffective assistance of counsel claim.

Because we remand for a preliminary *Krankel* hearing, we decline to address defendant's remaining arguments on appeal.

¶ 3                              I. BACKGROUND

¶ 4          In January 2019, defendant was charged by indictment with aggravated driving while his license was revoked, alleging he was driving in December 2018 at a time when his driver's license was revoked due to a statutory summary suspension after having been previously convicted of driving while his license was revoked in August 2018. In October 2021, defendant entered an open guilty plea to aggravated driving while his license was revoked.

¶ 5          In November 2021, defendant filed a *pro se* motion seeking to discharge appointed counsel. The trial court conducted a preliminary *Krankel* inquiry. Defendant complained about insufficient meetings with his trial counsel and being unable to review discovery. Defendant's trial counsel recounted discussing discovery with defendant by phone and in person, including showing video of the traffic stop to defendant. The court declined to appoint new counsel for defendant, stating the issues presented were matters of trial strategy. The court admonished defendant on the risks of proceeding *pro se* and granted defendant's motion to discharge appointed counsel.

¶ 6          In December 2021, defendant filed motions to be discharged from custody, to dismiss the indictment, and to withdraw his guilty plea. In March 2022, defendant requested counsel be appointed. Defendant explicitly requested that Andrew Lankton, the Woodford County public defender, not be appointed to represent him. The trial court explained it could only appoint the public defender's office, not specific attorneys to represent him. The court stated Lankton, as the public defender, decides who from the public defender's office is assigned to defendant's case. The court appointed the public defender's office to represent defendant.

¶ 7          During an April 2022 hearing, the trial court denied defendant's motion to withdraw his guilty plea. During a May 2022 hearing, the court denied defendant's motion to dismiss the indictment.

¶ 8          On May 31, 2022, a sentencing hearing was held. The trial court found, in mitigation, defendant's conduct did not cause or threaten serious physical harm. The court found defendant's extensive criminal history as indicated in the presentence investigation report required a sentence to deter others. The court also found probation would deprecate the seriousness of the offense and would be inconsistent with the ends of justice. The court sentenced defendant to five years in prison.

¶ 9          Defendant subsequently filed *pro se* documents on June 6, 2022, and June 27, 2022, and a *pro se* motion to reconsider his sentence and vacate the judgment on July 29, 2022. The June 6, 2022, filing stated defendant wanted counsel appointed to help raise issues with his sentence and withdraw his plea of guilty. The June 27, 2022, filing reiterated defendant's request for counsel and transcripts. Defendant's *pro se* motion from July 29, 2022, argued (1) ineffective assistance of counsel, (2) a violation of his right to counsel, (3) a due process violation, and (4) for a reduction of his sentence.

¶ 10          At the hearing on defendant's motion, trial counsel stated he did not amend defendant's *pro se* motion because he would not have included all of the issues defendant included, so he "elected to stay with [defendant's] motion so that all of the issues [defendant] wished to have presented to the court would actually be there." Defendant, through counsel, first argued he was denied his right to counsel of his choosing because he did not want Public Defender Lankton to represent him. Defendant argued the indictment specifically cited a misdemeanor offense section of the Illinois Vehicle Code (625 ILCS 5/6-303(a) (West 2018)),

thereby requiring a reduced sentence. Defendant also argued he was denied the right to a fair trial.

¶ 11 The trial court noted much of defendant's motion was similar to what defendant argued in his previous motions to dismiss the indictment and withdraw his guilty plea. The court stated defendant's motion did not address the statutory factors in aggravation or mitigation. The court also stated it reviewed the transcripts and its notes from the sentencing hearing and denied defendant's motion.

¶ 12 This appeal followed.

¶ 13 II. ANALYSIS

¶ 14 On appeal, defendant argues (1) his trial counsel did not strictly comply with Rule 604(d), (2) his sentence was excessive, and (3) the trial court erred by not conducting a preliminary *Krankel* inquiry based on defendant's ineffective assistance of counsel claim in his July 29, 2022, *pro se* filing. We agree with defendant's third contention and remand for a preliminary *Krankel* inquiry.

¶ 15 When a defendant raises a *pro se* posttrial claim of ineffective assistance of trial counsel, a *Krankel* inquiry is required. *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732. A *pro se* defendant is required to do nothing more than bring his ineffective assistance claim to the trial court's attention. *Id.* A defendant's bare assertion of "ineffective assistance of counsel" is sufficient to trigger a *Krankel* inquiry. *Id.* ¶ 21.

¶ 16 An adequate inquiry may include "(1) questioning the trial counsel, (2) questioning the defendant, [or] (3) relying on [the trial court's] own knowledge of the trial counsel's performance." *People v. Peacock*, 359 Ill. App. 3d 326, 339, 833 N.E.2d 396, 407 (2005). "If the court determines that the claim lacks merit or pertains only to matters of trial

strategy, then the court need not appoint new counsel and may deny the *pro se* motion." *People v. Roddis*, 2020 IL 124352, ¶ 35, 161 N.E.3d 173. "However, if the allegations show possible neglect of the case, new counsel should be appointed." *Id.* We review *de novo* whether the trial court properly conducted a preliminary *Krankel* inquiry. *People v. Jolly*, 2014 IL 117142, ¶ 28, 25 N.E.3d 1127.

¶ 17    Here, defendant clearly raised an ineffective assistance of counsel claim in his *pro se* July 29, 2022, filing. Defendant stated he wished to bring up "ineffective [*sic*] of my appointed counsel" and requested new counsel be appointed to inquire into the facts of the case and the motion to reconsider defendant was filing. The State argues defendant's filing was not sufficient to trigger a *Krankel* inquiry because it sought to repeat defendant's previously litigated arguments, including issues from the trial court's previous *Krankel* inquiry. Defendant argues the timing of his ineffective assistance claim is critical because his second ineffective assistance claim occurred after sentencing. We agree.

¶ 18    Defendant raised his second ineffective assistance claim postsentencing in his *pro se* motion to reconsider his sentence filed on July 29, 2022. See *People v. Bailey*, 364 Ill. App. 3d 404, 408, 846 N.E.2d 147, 150 (2006) (holding "a motion to reconsider sentence is a critical stage of the criminal proceeding"). Counsel for defendant argued defendant's *pro se* motion to reconsider his sentence before the trial court but did not mention the ineffective assistance claim stated in the motion. The court did not inquire with defendant about his ineffective assistance claim. The court's failure to conduct any inquiry to determine the underlying factual basis of defendant's ineffective assistance claim was error.

¶ 19    Because we conclude a *Krankel* inquiry is required, we need not consider defendant's other arguments on appeal at this time. See *People v. Bell*, 2018 IL App (4th)

151016, ¶ 37, 100 N.E.3d 177 ("Depending on the result of the preliminary *Krankel* inquiry, defendant's other claims may become moot."). While we remand for further proceedings on defendant's ineffective assistance claim, we retain jurisdiction over defendant's remaining claims. *People v. Wilson*, 2019 IL App (4th) 180214, ¶ 26, 137 N.E.3d 868. If "defendant is not satisfied with the outcome of the proceedings on remand, he may again appeal and raise any supplementary claims relating to the remand proceedings, and the State may have an opportunity to respond to those claims." *Id.*

¶ 20                                        III. CONCLUSION

¶ 21             For the reasons stated, we remand with directions for the trial court to conduct a preliminary *Krankel* hearing on the alleged issues of ineffective assistance of counsel defendant raised in his July 29, 2022, motion to reconsider his sentence.

¶ 22             Remanded with directions.