NOTICE
Decision filed 08/06/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230562-U

NO. 5-23-0562

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Hardin County. |
| | ) | |
| v. | ) | No. 21-CF-34 |
| | ) | |
| BENITO AVILA-PEREZ, | ) | Honorable |
| | ) | Tara R. Wallace, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1  *Held*: Defense counsel was ineffective where counsel failed to assist the defendant with a motion to reconsider the defendant's sentence.

¶ 2  A jury convicted the defendant, Benito Avila-Perez, of predatory criminal sexual assault of a child. The defendant was sentenced to 20 years in the Illinois Department of Corrections (IDOC) and 3 years to natural life of mandatory supervised release (MSR). On appeal, the defendant argues that the circuit court abused its discretion in imposing a 20-year sentence. For the following reasons, we affirm the defendant's conviction and remand for further proceedings.

1

¶ 3                        I. BACKGROUND

¶ 4     On September 30, 2021, the defendant was charged by information with predatory criminal sexual assault in violation of section 11-1.40(a)(1) of the Criminal Code of 2012 (720 ILCS 5/11-1.40(a)(1) (West 2020)). Between August 2017 and May 2018, the defendant allegedly placed his finger in the vagina of A.C., a child under 13 years of age.

¶ 5     The defendant was married to Emily Dare and they had three children under the age of 10. Dare's second cousin, Dana Conkle, was married to the defendant's best friend, and their families frequently spent time together. One of Conkle's children, A.C., born September 18, 2007, was the victim in this case.

¶ 6     At trial, A.C. testified to an incident that occurred between September and November of 2017, during a sleepover at the defendant's house with A.C., her sisters, and the defendant's children. A.C. turned 10 in September of 2017, and she was in the fifth grade at that time. A.C. testified that the children and defendant had fallen asleep on the defendant's bed watching television. A.C. woke up, at some point in the night, because the defendant had inserted a finger into A.C.'s vaginal area and was moving his finger around.

¶ 7     Emily Dare, the defendant's wife, testified as a witness for the defense. During her testimony, she testified that she was always home from work by 8 p.m. Dare testified that when she worked, the defendant would care for their children. If he was not available, then other members of her family would assist in caring for the children. Dare testified that she remained married to the defendant but was also in a relationship with Cody Morgan. They had been dating for eight months. No testimony was presented on Morgan's involvement with the defendant's children.

¶ 8    The defendant testified on his own behalf, and he denied the allegations. The defendant additionally testified that his youngest daughter has significant health issues. She required a feeding tube, an oxygen monitor, and slept with an oxygen mask. After the close of evidence and closing arguments, the jury found the defendant guilty of predatory criminal sexual assault of a child.

¶ 9    A sentencing hearing was held on July 14, 2023, and the parties agreed that the sentencing range was 6 to 60 years in the IDOC followed by 3 years to natural life of MSR. The State did not present any evidentiary testimony at the sentencing hearing. Michael Turner, the defendant's friend, testified on the defendant's behalf. Turner testified that the defendant was a hard worker and known to be dependable in the community. The defendant's youngest daughter had special needs, and the defendant provided necessary care.

¶ 10    Dare testified that she was married to the defendant, and they had three living children together. Their four-year-old daughter had "KINDS220 gene depletion" and was diagnosed with hydrocephalus, cerebral palsy, epilepsy, dystonia, and she had seizures. The defendant was "very" involved in their daughter's day-to-day care. Dare testified that while the defendant has been in custody, it has been "extremely difficult" for her to handle healthcare tasks on her own. Dare additionally testified that the defendant had helped financially as well. Dare did not provide any testimony regarding her relationship with Morgan.

¶ 11    Conkle and A.C. provided statements to the circuit court. The State recommended that the defendant receive a 15-year sentence in the IDOC with 3 years to life of MSR.

¶ 12    The defense argued factors in mitigation including that the defendant had no prior criminal history, the defendant's criminal conduct was a result of circumstances that were unlikely to reoccur, the defendant would likely comply with the terms of a period of probation, and the defendant served as a caregiver to his disabled daughter. The defense requested a sentence of six years followed by three years to life MSR.

¶ 13    The defendant provided the circuit court a statement of allocution in Spanish and the circuit court read a translated statement into the record. The defendant's statement requested that the circuit court consider that the defendant was a good father and husband and that he did not have a criminal history. His statement included that he had a severely disabled daughter who was in a wheelchair and could not eat by herself. The defendant explained that he took care of his disabled daughter, as well as his other daughters when his wife was at work.

¶ 14    The circuit court considered the presentence investigation report, evidence presented, arguments, and factors in aggravation and mitigation, as well as the history and character of the defendant. Additionally, the circuit court considered the defendant's family and their hardship while the defendant was in custody and the victim impact statement.

¶ 15    The circuit court found that the following factors in aggravation were applicable: the defendant's conduct caused or threatened serious harm, the sentence was necessary to deter others, and that the defendant held a position of trust or supervision to a victim under 18 years of age.

¶ 16    As for factors in mitigation, the circuit court only applied one factor. The circuit court found that the defendant served as a caregiver to one of his children, and stated:

"I say that lightly, because I do know that the mother is actively involved in the caretaker role, and the mother gave testimony at the trial that she is currently in a relationship with someone else. So, I believe that person can act as a caregiver role, as well."

The circuit court considered, but did not find, that the circumstances were unlikely to recur because the circuit court believed that the defendant would act in the same manner with someone else. The circuit court additionally noted that the defendant did not apologize to the victim during his statement in allocution.

¶ 17    The circuit court sentenced the defendant to 20 years in the IDOC, followed by 3 years to natural life of MSR. The circuit court reasoned that the defendant would serve 85% of his sentence, 17 years, and his children would be adults when released from the IDOC. The defendant's children could decide at that time if they wanted to have further contact with the defendant.

¶ 18    The circuit court informed the defendant that he had the right to appeal and "within 30 days, file with the clerk of this court a written motion to vacate your plea of guilty" before filing an appeal. The circuit court asked the defendant if he understood his appeal rights and the court interpreter responded, "I don't know if he does, because you said all that so fast, I could not keep up." The circuit court then repeated that the defendant had to file a motion to vacate his plea of guilty. Defense counsel corrected the circuit court because the defendant had not pled guilty. Then, the following transpired:

> "THE COURT: I'm sorry. You're right. If the motion is granted—we're going to go back to the right to appeal, though. I—I'm just putting in the Plea of Guilty. And he was found guilty by a jury. All right. If he would need to reconsider his sentence, that—that part is still correct. Okay?
>
> INTERPRETER: Yeah.

5

> THE COURT: If the Court were to reconsider the sentence—I'm sorry. And if you were indigent, a copy of the proceedings of your plea or of your trial and your Sentencing Hearing would be provided to you free of charge, and you would be provided with an attorney to assist you in preparing that motion.
>
> If I deny your motion, you would have 30 days from that date to file a written Notice of Appeal. Any issue or claim of error that's not raised in your Motion to Reconsider would be waived for purpose of appeal."

The defendant stated that he understood his appeal rights. Defense counsel additionally informed the circuit court that he had detailed discussions with the defendant about his appeal rights and defense counsel would continue to consult with the defendant. The circuit court then asked defense counsel if he considered the appeal admonishment to be sufficient for the record and offered to go over the defendant's appeal rights again. Defense counsel then stated:

> "I think, based upon our conversations, he understands he has the right to appeal. And he understands what he needs to do. And I'll—I'll continue to consult with him on that."

¶ 19    The defendant did not file a motion to reconsider his sentence. Defense counsel filed a notice of appeal on July 28, 2023.

¶ 20                                    II. ANALYSIS

¶ 21    On appeal, the defendant argues that the circuit court abused its discretion in imposing a 20-year sentence where the circuit court considered an improper fact in sentencing and did not consider all mitigating factors.

¶ 22    When determining an appropriate sentence, the circuit court must consider the defendant's "credibility, demeanor, general moral character, mentality, social environment, habits, and age" and impose a sentence based on the circumstances of each

6

case. (Internal quotation marks omitted.) *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19. The circuit court must also carefully consider the statutory factors in mitigation and aggravation. *People v. Center*, 198 Ill. App. 3d 1025, 1033 (1990). "A trial court has wide latitude in sentencing a defendant, so long as it neither ignores relevant mitigating factors nor considers improper factors in aggravation." *People v. Roberts*, 338 Ill. App. 3d 245, 251 (2003). The circuit court is not required to recite and assign a value to each factor considered. *Pina*, 2019 IL App (4th) 170614, ¶ 19. There is a presumption that a circuit court considers all mitigating evidence presented. *People v. Abrams*, 2015 IL App (1st) 133746, ¶ 33.

¶ 23    "If a sentence falls within the statutory limits, it will not be overturned on appeal absent abuse of discretion." *People v. Bunning*, 2018 IL App (5th) 150114, ¶ 16. "An abuse of discretion occurs only if a sentence greatly varies from the spirit and purpose of the law or where it is manifestly disproportionate to the nature of the offense." *Bunning*, 2018 IL App (5th) 150114, ¶ 16. "The defendant bears the burden of establishing that a sentence was based on an improper consideration ***." *People v. Sherman*, 2020 IL App (1st) 172162, ¶ 52.

¶ 24    Here, the circuit court only addressed one factor in mitigation, that the defendant served as a caregiver to one of his children. Dare had testified at the sentencing hearing that the defendant was "very" involved in their daughter's care, and it was "extremely difficult" for Dare to care for their daughter's healthcare tasks on her own. Contrary to Dare's testimony, the circuit court found that Dare's boyfriend of eight months was able to act as a caregiver to the defendant's disabled daughter. The circuit court improperly

7

considered information not in evidence when making this determination as no information on Dare's boyfriend's willingness or ability to care for the defendant's disabled child had been presented.

¶ 25    Although the State recommended a 15-year sentence, the defendant was sentenced to 20 years in the in the IDOC. The rationale for the longer sentence was to ensure that the defendant's children would be adults when the defendant was released, as the circuit court considered that the defendant would actually serve 17 years, or 85% of a 20-year sentence. The circuit court had not addressed the defendant's criminal history and gave little weight to any mitigating factors.

¶ 26    "[T]o preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). The defendant did not file a motion to reconsider his sentence, and his sentencing issue was not preserved on appeal. The defendant seeks plain error review, argues that the circuit court provided an inadequate Rule 605(a) admonition, and argues that defense counsel was ineffective.

¶ 27    At the time of imposing a sentence, Illinois Supreme Court Rule 605(a) required the circuit court to advise the defendant as follows:

> "A. that the right to appeal the judgment of conviction, excluding the sentence imposed or modified, will be preserved only if a notice of appeal is filed in the trial court within thirty (30) days from the date on which sentence is imposed;
>
> B. that prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider

8

the sentence imposed, or consider any challenges to the sentencing hearing, setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing;

C. that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived; and

D. that in order to preserve the right to appeal following the disposition of the motion to reconsider sentence, or any challenges regarding the sentencing hearing, the defendant must file a notice of appeal in the trial court within 30 days from the entry of the order disposing of the defendant's motion to reconsider sentence or order disposing of any challenges to the sentencing hearing." Ill. S. Ct. R. 605(a)(3) (eff. Dec. 23, 2022).

Whether the circuit court's admonishment strictly complied with Rule 605(a) is reviewed *de novo*. *People v. Polk*, 349 Ill. App. 3d 760, 763 (2004).

¶ 28 The circuit court misspoke while admonishing the defendant by referring to the defendant's "guilty plea" where the defendant had been found guilty after a jury trial. We also note that the defendant required an interpreter, and the interpreter indicated that the defendant likely did not understand the admonishments because the circuit court was speaking too fast. After the circuit court was corrected by defense counsel, the circuit court indicated to the interpreter that the defendant had been found guilty and had not pled guilty.

¶ 29 The defendant was advised by the circuit court that "[a]ny issue or claim of error that's not raised in your Motion to Reconsider would be waived for purpose of appeal" and that the defendant would have 30 days to appeal after the denial of the motion to reconsider. However, the defendant was not clearly advised on Rule 605(a)(3)(B),

"that prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider

9

the sentence imposed, or consider any challenges to the sentencing hearing, setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing." See Ill. S. Ct. R. 605(a)(3)(B) (eff. Dec. 23, 2022).

¶ 30 The circuit court had asked defense counsel whether the appeal admonishments were sufficient and offered to restate the admonishments for the defendant. Defense counsel declined the circuit court's effort to correct the admonishments and advised that the defendant was aware of his appeal rights. Defense counsel then filed a notice of appeal without first filing a motion to reconsider the sentence imposed.

¶ 31 Criminal defendants have a constitutional right to effective assistance of counsel. *People v. Hale*, 2013 IL 113140, ¶ 15. "A motion to reconsider sentence is a critical stage of the criminal proceeding at which a defendant is entitled to counsel." *People v. Bailey*, 364 Ill. App. 3d 404, 408 (2006).

¶ 32 Claims of ineffective assistance of counsel are governed by a two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to establish a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance resulted in prejudice. *People v. Hughes*, 2012 IL 112817, ¶ 44. Both prongs of the *Strickland* test must be satisfied by the defendant for a finding of ineffectiveness. *People v. Veach*, 2017 IL 120649, ¶ 30. We apply *de novo* review to the defendant's ineffective assistance of counsel claims. *People v. Gunn*, 2020 IL App (1st) 170542, ¶ 91.

¶ 33 Defense counsel's performance was deficient where he prevented the circuit court from clarifying Rule 605(a) admonishments with an interpreter present, and by failing to

10

assist the defendant to draft and file a motion to reconsider to challenge the sentence. The defendant was prejudiced by counsel's deficient performance which limited his ability to challenge his sentence to the circuit court and on appeal. Therefore, we hold that defense counsel provided ineffective assistance.

¶ 34                                    III. CONCLUSION

¶ 35    Accordingly, the defendant's conviction is affirmed, and this cause is remanded to the circuit court of Hardin County for proper Rule 605(a) admonishments and to afford the defendant an opportunity to file a motion to reconsider his sentence.

¶ 36    Affirmed and remanded with directions.